**In the Interest of R.V. Jr. and C.V.**

**No. 2–97–129–CV.**

Court of Appeals of Texas,
Fort Worth.

Aug. 6, 1998.

---

Carla Reed Vida, Bedford, Richard A. Gladstone, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant and Chief of the Appellate Section, Michael R. Casillas, Nancy Deweese, Assistant District Attorney, Fort Worth, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and RICHARDS, JJ.

## OPINION

LIVINGSTON, Justice.

### I. INTRODUCTION

Appellants Roger and Karia Vowell appeal from the termination of their parental rights to their minor sons, R.V. Jr. (hereinafter referred to as R.V.) and C.V. Although Roger and Karia appeal under one cause number, they each filed separate briefs with different points. We affirm the trial court's judgment as to both appellants.

### II. FACTUAL BACKGROUND

On April 3, 1995, the Texas Department of Protective and Regulatory Services (TDPRS) filed a petition to terminate the parent-child relationship between appellants and their two minor sons, R.V., born July 12, 1989, and C.V., born February 12, 1991. The petition asserted that appellants had endangered the physical or emotional well-being of the children. The case went to trial in November 1996 and testimony established that Karia, who is mentally retarded, had sexually abused, hit, slapped, and bitten R.V. and that Roger had repeatedly sexually assaulted both children. The jury terminated appellants' parental rights and the trial court signed the decree of termination on January 17, 1997.

### III. DISCUSSION

#### A. Roger's Points

■ In his first point, Roger contends the trial court erred in ruling that he would have to assert his Fifth Amendment right against self-incrimination on a question-by-question basis if he were to testify. The State asserts that Roger waived this point by failing to object when the trial court set forth this procedure.

■ To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. *See* TEX.R.APP. P. 33.1(a); *see also*

TEX.R. EVID. 103(a)(1). If a party fails to do this, error is not preserved, and the complaint is waived. *See Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex.1991) (op. on reh'g).

During a pretrial hearing, Karia's attorney stated she would probably not call Karia as a witness because of pending criminal charges, but then "[i]f some other party wanted to call Ms. Vowell to testify, could I invoke a blanket Fifth Amendment right not to testify, or are you going to ask her to go question by question?" After the parties and the trial court discussed how to protect Karia's Fifth Amendment rights, the children's attorney ad litem suggested that each attorney lodge "objections to the question itself." The trial court responded, "[a]ll right. That [is] the way we're going to handle it." Neither party objected to this procedure. Thus, any error was not preserved, and the complaint is waived. *See* TEX.R.APP. P. 33.1(a); *Bushell,* 803 S.W.2d at 712. We overrule Roger's first point.

In his second point, Roger argues the trial court erred in allowing evidence of a sexual abuse conviction that was more than ten years old. The State responds that Roger failed to preserve error because the denial of his motion in limine did not preserve error and because his objections at trial do not comport with his point on appeal.

A motion in limine merely precludes reference to certain issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. *See Sims v. State,* 816 S.W.2d 502, 504 (Tex. App.—Houston [1st Dist.] 1991, writ denied). A trial court's ruling on a motion in limine does not preserve error. *See Chavis v. Director, State Worker's Compensation Div.,* 924 S.W.2d 439, 446 (Tex.App.—Beaumont 1996, no writ). Thus, on appeal, a party may not predicate his complaint on a motion in limine. *See id; Methodist Hospitals v. Corporate Communicators, Inc.,* 806 S.W.2d 879, 883 (Tex.App.—Dallas 1991, writ denied). In addition, the complaint on appeal must be the same as that presented in the trial court. *See Rogers v. Stell,* 835 S.W.2d 100, 101 (Tex.1992); *Mixon v. National Union Fire Ins. Co.,* 806 S.W.2d 332, 334 (Tex.App.— Fort Worth 1991, writ denied).

Here, the trial court held a pretrial hearing on Roger's motion in limine concerning "[a]ny criminal conviction that's more than ten years old or any criminal conviction that's not final." After argument concerning the particulars, probative value, and prejudicial effect of the conviction, the trial court stated, "Well, I'm going to allow him to put it in." At trial, Wayne Pollard, a TDPRS caseworker, testified that he was aware that Roger was on probation. Appellant objected on hearsay grounds and the trial court sustained the objection. Before Pollard testified about what appellant told him about the probation, appellant objected "to anything he might be on probation for" because it was not probative and highly prejudicial. The trial court overruled the objection and Pollard testified that appellant was on probation for fondling a child.

After reviewing the record, we find that appellant failed to preserve error. First, the trial court's ruling on the motion in limine did not preserve error. *See Adams v. Petrade Int'l, Inc.,* 754 S.W.2d 696, 711 (Tex. App.—Houston [1st Dist.] 1988, writ denied). Second, appellant's objections at trial—hearsay, lack of probative value, and prejudicial effect—do not comport with his objection on appeal—that the offense was inadmissible because it was more than ten years old. *See Rogers,* 835 S.W.2d at 101; *Mixon,* 806 S.W.2d at 334. We overrule Roger's second point.

In his third point, Roger contends the trial court erred in determining that the testimony of R.V. should be conducted by remote televised broadcast rather than in open court. The State asserts the trial court did not err because the record revealed that R.V. would suffer great trauma if he had to testify in front of his parents.

Texas Family Code section 104.004 dictates:

(a) If in a suit a child 12 years of age or younger is alleged to have been abused, the court may, on the motion of a party to the proceeding, order that the testimony of the child be taken in a room other than the courtroom and be televised by closed-cir-

cuit equipment in the courtroom to be viewed by the court and the parties.

(b) The procedures that apply to prerecorded videotaped testimony of a child apply to the remote broadcast of testimony of a child.

TEX. FAM.CODE ANN. § 104.004 (Vernon 1996).

■ The Sixth Amendment to the United States Constitution provides that "[i]n all criminal procedures, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI. However, the United States Supreme Court has stated that an exception to the right of face-to-face confrontation exists when the State shows that a special procedure is necessary to protect child witnesses from the trauma of testifying in court. *See Maryland v. Craig*, 497 U.S. 836, 855, 110 S.Ct. 3157, 3169, 111 L.Ed.2d 666. The Court decided that the use of a one-way, closed-circuit television is constitutional under such an exception. *See id.* at 857, 110 S.Ct. at 3170. The Texas Court of Criminal Appeals has also recognized that public policy considerations support the use of alternative forms of testimony for child witnesses. *See Hightower v. State*, 822 S.W.2d 48, 53 (Tex.Crim.App.1991) (noting a legislative concern for protecting children from the turmoil associated with having to give testimony in a courtroom).

■ The determination of whether such alternative forms of testimony are necessary should be made on a case-by-case basis. *See Craig*, 497 U.S. at 855, 110 S.Ct. at 3169; *Hightower*, 822 S.W.2d at 51. In making such a determination, courts should consider whether: (1) use of a video is necessary to protect the welfare of the child; (2) the trauma to the child comes from exposure to the abuser, rather than from the courtroom generally; and (3) the emotional distress to the child would be more than mini-

mal. *See Craig*, 497 U.S. at 855–56, 110 S.Ct. at 3169.

Here, the trial court held a pretrial hearing after the State filed a motion to televise R.V.'s testimony. At the hearing, the children's Child Protective Services caseworker testified that: (1) R.V. was apprehensive and fearful whenever appellants visited him; (2) it would be difficult for R.V. to testify in front of his parents; (3) his mental state could digress; and (4) the use of the televised testimony procedure was necessary for R.V.'s emotional well-being. We find this evidence sufficient to uphold the trial court's determination that R.V.'s testimony should be conducted by remote televised broadcast. *See id.* We overrule Roger's third point.

## B. Karia's Points

In her first point, Karia argues the trial court erred in admitting her written statement in which she admitted that she "accidently" touched her sons and put her mouth on their penises. Karia argues the "confession" was obtained in violation of constitutional, procedural, and ethical guidelines.[1] The State contends criminal confession law is inapplicable in this civil case.

■ A suit to terminate parental rights is a civil proceeding. *See Malone v. State*, 864 S.W.2d 156, 159 (Tex.App.—Fort Worth 1993, no pet.). As such, the provisions of the Texas Code of Criminal Procedure do not apply. *See, e.g.*, TEX.CODE CRIM. PROC. ANN. art. 38.22, § 2 (Vernon 1979) (stating that no written statement made by an accused is admissible against that person in a **criminal** proceeding); *Vasquez v. State*, 739 S.W.2d 37, 42 (Tex.Crim.App.1987); *In re M.B. v. State*, 901 S.W.2d 620, 623 (Tex. App.—San Antonio 1995, no writ). Nor do the urged provisions of the United States and Texas Constitutions apply. *See, e.g.*, U.S. CONST. amend. V (stating that a person cannot be compelled to testify against oneself in a **criminal** case); *Ochs v. Martinez*, 789

---

1. Karia asserts the caseworker who obtained the confession violated her federal and Texas constitutional rights to due process, the Texas discovery rules, and the Texas Disciplinary Rules of Professional Conduct. Karia also contends she was denied the right to an attorney. To support

her contentions, Karia cites a myriad of criminal statutes and cases setting forth the parameters of criminal confession law. The bulk of her contentions were not raised at trial. SEE TEX.R.APP. P. 33.1(a). Therefore, we will limit our review to the voluntariness issue.

S.W.2d 949, 951 (Tex.App.—San Antonio 1990, writ denied) (noting that Sixth Amendment only applies to criminal proceedings). Thus, Karia's main contention—that her confession was coerced or involuntary—is immaterial to the admissibility of the statement in this civil case. *See* TEX.R. CIV. EVID. 803(24) (discussing requirements for admissibility of a statement against interest). We overrule Karia's first point.

In her second point, Karia argues the trial court erred in ruling: (1) that R.V.'s testimony was admissible because the State failed to properly name R.V. in an interrogatory; and (2) that R.V.'s testimony could be conducted by remote televised broadcast. This point is multifarious. *See Hollifield v. Hollifield,* 925 S.W.2d 153, 155 (Tex.App.—Austin 1996, no writ). Moreover, we have already addressed the main argument of Karia's point—that the trial court erred in allowing R.V. to testify by remote televised broadcast—in disposing of Roger's second point. Therefore, we overrule Karia's second point.

In her third point, Karia contends the trial court erred in admitting the testimony of a therapist, Linda Fredrickson, because the State failed to identify all of the documents in Fredrickson's possession in response to an interrogatory. The State asserts the trial court did not abuse its discretion in allowing the testimony because it never knew about or possessed the complained-of documents.

Texas Rule of Civil Procedure 166b(2)(b) provides, in part:

> A person is not required to produce a document or tangible thing unless it is within the person's possession, custody or control. Possession, custody or control includes constructive possession such that the person need not have actual physical possession. As long as the person has a superior right to compel the production from a third party (including an agency, authority or representative), the person has possession, custody or control.

TEX.R. CIV. P. 166b(2)(b).

"Possession, custody or control" includes not only actual physical possession, but constructive possession, and the right to obtain possession from a third party, such as

an agent or representative. *See GTE Communications Sys. Corp. v. Tanner,* 856 S.W.2d 725, 729 (Tex.1993). The right to obtain possession is a legal right based upon the relationship between the party from whom a document is sought and the person who has actual possession of it. *See id.*

Fredrickson is a licensed professional counselor who works in private practice. She began working as a therapist for Karia and the two children in 1995. During discovery, Karia sent the State an interrogatory asking it to identify its experts and:

> All documents, communications, and other tangible things used by, prepared by, prepared for, or furnished an expert in anticipation of the expert's trial or deposition testimony, including all tests, and calculations that form the basis of the expert's opinion.

In its response, the State provided Fredrickson's name, her relationship to Karia and the children, and her thoughts on what would be in the best interests of the children.

At trial, Fredrickson testified using detailed notes that she had made during her sessions with Karia and the children. Both Roger's and Karia's attorneys objected that they had never been given these notes. A hearing was held wherein it was learned that Fredrickson had prepared summaries from her notes and then given these summaries to the State, which, in turn, gave the summaries to Karia in response to her discovery requests. Thus, the State never had the more detailed notes in its possession, nor did the State know of the notes' existence. The trial court overruled Roger's and Karia's objections. Thereafter, Roger's and Karia's attorneys moved to strike all of Fredrickson's testimony. The trial court ruled it would only strike information that was in the State's possession that had not been provided to Karia. Thus, Fredrickson was allowed to testify from her more detailed notes.

Karia argues the trial court erred in not striking Fredrickson's testimony. However, a party seeking sanctions has the burden of establishing a right to relief. *See id.* Thus, when a motion for sanctions asserts that a respondent to a discovery request has failed

to produce a document within its possession, custody or control, the movant has the burden to prove the assertion. *See id.*

[16] Karia has failed to meet her burden. First, Fredrickson is a private therapist and, therefore, is not an agent or representative of the State. Second, Karia failed to rebut the State's assertion that it never received or knew about the more detailed notes. As a result, we cannot say that the trial court abused its discretion in failing to strike Fredrickson's testimony. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). We overrule Karia's third point.

## IV. CONCLUSION

Having overruled Roger's and Karia's points, we affirm the trial court's judgment.