COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**


NO. 02-07-148-CV

GLENN E. GALLAHER                                                 APPELLANT

V.

GENA BROWN                                                        APPELLEE

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In two points, Appellant Glenn Gallaher argues that the trial court erred by denying his motion for new trial because Appellee Gena Brown mentioned at trial a previously undisclosed witness only to prejudice the jury and because Appellee mentioned at trial Appellant's previous car accidents in violation of the trial court's order on Appellant's motion in limine. Because we hold that the

---

[1] *See* TEX. R. APP. P. 47.4.

trial court did not abuse its discretion by denying Appellant's motion for new trial, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On November 29, 2005, Appellant filed suit against Appellee and her insurance carrier, State Farm Mutual Automobile Insurance Company, for damages arising out of a car accident between Appellant and Appellee. He alleged that on December 4, 2003, Appellee changed lanes while turning left at an intersection and struck his car, pushing it into the median. Appellant claimed injuries resulting from the accident and sought damages for reasonable medical expenses, lost wages, and damage to his credit report due to nonpayment of medical expenses. He alleged that State Farm had failed to pay for all the damages to his vehicle, causing him mental anguish, monetary damages, and harm to his credit. State Farm filed a plea to the jurisdiction on standing grounds, which the trial court granted.

The case went to trial on Appellant's claims against Appellee. Appellant filed a motion in limine seeking to exclude testimony that he had "been involved in any unrelated prior claims, wrecks, suits, settlements, workers' compensation cases, and the amount thereof." Because Appellant claimed medical expenses for treatment of a back injury resulting from his car accident with Appellee, the trial court allowed Appellee to introduce evidence that he

2

had been involved in a prior accident that he had previously claimed had injured his back. The trial court granted Appellant's motion as to other accidents that Appellant had been involved in.

The jury found that the negligence of both Appellant and Appellee caused the accident, attributing seventy-five percent of fault to Appellee and twenty-five percent to Appellant. The jury awarded Appellant damages of $150.00 for past medical expenses. Appellee filed a motion for judgment on the verdict in which she claimed a credit of $4,133.59 for the amount State Farm had previously paid to Appellant. The trial court entered a final judgment acknowledging application of the credit and ordering that Appellant take nothing.

Appellant filed a motion for new trial based on grounds of newly discovered evidence and of Appellee's violation of the trial court's order on the motion in limine. The trial court denied the motion, and Appellant filed this appeal.

## STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision on a motion for new trial.[2] To determine whether a trial court abused its discretion, we

_____

[2] *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006); *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988) (orig.

3

must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.[3]  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.[4]

### ANALYSIS

Appellant brings two points on appeal.  Appellant's first point is that "[f]or the first time in the course of this lawsuit, during trial [Appellee] mentioned a witness that had not been identified in discovery as a person with relevant knowledge.  The witness was only mentioned to prejudice the jury and for trial by ambush."  He characterizes this testimony as newly discovered evidence warranting a new trial.

At trial, Appellee testified that at the scene of the accident, Appellant began screaming at her.  Her attorney then elicited the following testimony:

> [Appellee's attorney]: Now, as -- as [Appellant] continued to scream and curse at you, did he finally stop when a friend of yours

proceeding).

[3]*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

[4] *Id*.

4

who was a male that was following you to the Christmas party came up?

[Appellee]: Yeah, he pulled his car up behind mine in the median and got out and walked up because he saw his behavior, and as soon as he came up, he stopped.

Appellant argues that Appellee's "male friend" was a person with relevant knowledge whom Appellee had failed to disclose and that Appellee therefore was not entitled to produce evidence mentioning this friend. Appellant contended that, because of this testimony, the trial court should have granted him a new trial. Appellee counters that the testimony showed that this friend did not arrive at the scene until after the accident had occurred and therefore was not a person with relevant knowledge as to liability or as to Appellant's medical injuries. Appellee further argues that Appellant has not shown how the failure to identify the friend probably caused an improper verdict.

We hold that Appellant has not preserved this argument for review because he did not object in the trial court when this testimony was introduced.[5] Further, we note that any error in the admission of this testimony

---

[5] *See One Call Sys., Inc. v. Houston Lighting & Power*, 936 S.W.2d 673, 677 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (stating that to preserve error when allegedly inadmissible evidence is put before the jury, a party must pursue an adverse ruling from the trial court, and absent such an adverse ruling, "nothing is preserved for appellate review"); *see also* TEX. R. APP. P. 33.1(a).

was harmless because Appellant conceded in his closing argument that he yelled at Appellee, and Appellant has made no showing of what information he would have obtained from Appellee's friend or how the testimony of the existence of this person probably caused the rendition of an improper verdict.[6] We overrule Appellant's first point.

In his second point, Appellant argues that the trial court abused its discretion by failing to grant a new trial because Appellee violated the court's order on his motion in limine by asking Appellant about car accidents in which he had previously been involved other than the accident in which he had previously injured his back. A motion in limine preserves nothing for review.[7] A party who wishes to complain on appeal about a violation of a motion in limine must object when the testimony that is the subject of the motion is

---

[6] *See* Tex. R. App. P. 44.1(a) (stating that no judgment may be reversed on appeal for trial court error unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals); *see also Smith v. Levine*, 911 S.W.2d 427, 433 (Tex. App.—San Antonio 1995, writ denied) (noting rule that a party seeking new trial based on newly discovered evidence "must bring forward non-cumulative evidence of which the movant did not become aware, and could not with the exercise of diligence have become aware, until after trial, and this newly-discovered evidence must be so material that it would probably produce a different result").

[7] *In re R.V., Jr.*, 977 S.W.2d 777, 780 (Tex. App.—Fort Worth 1998, no pet.).

6

offered at trial.[8]  The party must further ask the court to instruct the jury to disregard the objectionable testimony and move for a mistrial.[9]

During trial, Appellee's attorney twice raised the issue of prior accidents. In one instance, he questioned Appellant about whether he had injured his back in a car accident in 1994.  That line of questioning did not violate the trial court's order on the motion in limine.  Appellee's attorney also asked Appellant about an accident when questioning him about his cutting off Appellant after she had hit his car.  Appellee's attorney asked, "Now, the truth of the matter is you—you did that because you were in another accident where a hit-and-run driver hit you in that same car; isn't that true?"  Appellant objected that the evidence had no relevance and was prejudicial.  The trial court sustained Appellant's objection.

Appellant received from the trial court all the relief that he requested. Because Appellant did not pursue an adverse ruling from the trial court, he has not preserved this issue for review.[10]

---

[8]*Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56, 91 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

[9] TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103; *State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n.6 (Tex. 1989).

[10] *See One Call Sys., Inc.*, 936 S.W.2d at 677; *see also Patir v. MFC Int'l Corp.*, 60 S.W.3d 355, 357 (Tex. App.—Houston [1st Dist.] 2001, no

Appellant contends that the error was not curable by an instruction to disregard. To show grounds for a new trial based on an improper question where a party did not receive an unfavorable ruling, the party must establish the same factors as would be required to show reversible error because of an improper jury argument,[11] and a party arguing that an improper question created incurable harm has the burden to prove that the question was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the judge.[12] But Appellant does not demonstrate or explain why the question of

pet.) (holding that a party must pursue an adverse ruling to preserve error in the admission of testimony).

[11] *See Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 120 (Tex. 1984) (stating that the standard for showing reversible error based on allegedly improper jury argument also applies when allegedly improper questioning of a witness occurs); *Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 839-40 (Tex. 1979) (holding that (1) a party arguing reversible error based on improper jury argument must demonstrate that an uninvited, preserved error occurred that was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the judge and that the argument by its nature, degree and extent constituted reversibly harmful error, (2) that all of the evidence must be closely examined to determine the argument's probable effect on a material finding, and (3) a reversal must come from an evaluation of the whole case).

[12] *See Tex. Employers' Ins. Ass'n v. Haywood*, 153 Tex. 242, 245, 266 S.W.2d 856, 858 (1954) (holding that only when the probable harm or the resulting prejudice caused by an improper argument cannot be eliminated by retraction or instruction will a new trial will be awarded in the absence of timely, overruled objection and that "argument which is improper only because its nature is calculated to inflame the minds and arouse the passion of prejudice of jurors is usually regarded as being of the 'curable' type"); *see also Reese*,

Appellee's attorney was incurable, or how, in the context of the entire record, the question constituted reversibly harmful error. The jury was allowed to hear that Appellant had been in at least one other car accident because Appellee was permitted to question him about his 1994 car accident that injured his back. There was nothing to suggest to the jury that the hit-and-run accident and this 1994 accident were not one and the same, and in any case, Appellant does not explain why the jury's learning of one other car accident involving him was not likely to inflame the jury, but learning of two car accidents was. In fact, he does not offer any argument at all as to how the question probably resulted in the rendition of an improper verdict. The cases cited by Appellant set out the standard for reviewing error in cases in which improper jury argument or jury questioning takes place, but they do not lend support for Appellant's argument that the question in this case resulted in incurable error.[13] Because Appellant

---

584 S.W.2d at 839-40.

[13] *See Geuder v. State*, 115 S.W.3d 11, 13-15 (Tex. Crim. App. 2003) (stating that "to preserve error, an objection must be timely, specific, [and] pursued to an adverse ruling," and that a motion in limine preserves nothing for review and holding that the appellant had preserved his complaint because the trial court overruled his objection to admitted evidence); *Westmoreland v. State*, 174 S.W.3d 282, 290-91 (Tex. App.—Tyler 2005, pet. ref'd) (holding that the trial court did not err when it did not grant a mistrial after a witness violated a motion in limine because the appellant objected when the testimony was admitted at trial, the trial court sustained the objection and gave an instruction to disregard, and the appellant did not request a mistrial because of the

has not shown that Appellee's question was incurable error and because he did not pursue an unfavorable ruling by the trial court, we overrule Appellant's second point.

## CONCLUSION

Having overruled both of Appellant's points, we affirm the trial court's denial of Appellant's motion for new trial.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: April 17, 2008

---

testimony and thus received all the relief he requested); *Williams v. Gen. Motors Acceptance Corp.*, 428 S.W.2d 441, 447 (Tex. Civ. App.—San Antonio 1968, no writ) (holding that generally, in order to be entitled to a new trial because of improper jury argument, a party must show that the party objected when the argument was made and that the trial court overruled the objection, and absent such an objection a new trial will be awarded only if the probable harm resulting from the argument cannot be cured by a retraction or an instruction).