# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00279-CV

---

### B. S. and M. S., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 315625, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

B.S. (Father) and M.S. (Mother) appeal from the trial court's decree terminating their parental rights to their sons "Kevin," who was eleven at the time of trial, and "Kenneth," who was six.[1] *See* Tex. Fam. Code § 161.001(b). Both parents challenge the sufficiency finding that termination is in the children's best interest and the finding of factually sufficient evidence supporting termination under predicate statutory grounds. Father also challenges the finding of legally sufficient evidence supporting termination under statutory grounds, the "endanger" definition included in the jury charge, the admission of expert testimony by a licensed counselor, and the failure to strike several jurors for cause. We affirm the trial court's termination decree.

---

[1] For the children's privacy, we will refer to them by aliases and to their family members by their relationships to them or by aliases. *See* Tex. R. App. P. 9.8.

**EVIDENTARY AND PROCEDURAL SUMMARY**

Between November 2019 and January 2020, the Texas Department of Family and Protective Services (Department) received several reports alleging physical and sexual abuse by Father[2] against Kevin, the boys' then-eight-year-old sister, and Kenneth. Those allegations included that Father had physically and/or sexually abused each of his three children; that the sister was making sexually inappropriate comments and acts toward her brothers; that Mother and Father had instructed Kevin to not disclose information to the investigator and that Mother told Kevin to say that his sister hit herself; and that Kevin was "terrified" and "extremely" concerned that his interview was being recorded. Mother and Father denied physically disciplining their children, reported that the sister hits herself, and refused services for the children.

On February 12, 2020, the Department filed a petition to be appointed the children's temporary managing conservator and to terminate Father's and Mother's parental rights as to Kevin, the sister, and Kenneth. The trial court entered emergency removal orders the same day. Kevin and Kenneth were placed in foster care, where they remained throughout the case. Their sister was separately placed in a shelter and then with her grandmother.[3]

A four-day jury trial took place between March 22 and March 25, 2022. During the course of trial, the jury heard testimony from Iwalani Caines, the Department's representative; Louis Rishkofski, Kevin's and Kenneth's counselor; Ashley Lomas, the lead

---

[2] Father is a registered sex offender who in 2015 pleaded no contest to and was convicted of attempted forcible sexual abuse in Utah.

[3] The sister's case was severed into its own cause number and is not part of this appeal.

forensic interviewer at the Children's Advocacy Center (CAC); Father; Mother; the parents' counselors; and the boys' foster mother, grandmother, and guardian ad litem.

Relevant here, the cross-examination of Rishkofski by Father's counsel was paused to allow for Lomas to testify out of order because of a pending scheduling conflict. During Lomas's testimony, Rishkofski remained in the courtroom. Lomas testified regarding her initial forensic interviews of all three children, their outcries and red flags for physical and sexual abuse, and her documentation of the interviews. The cross-examination of Rishkofski was restarted and completed immediately after Lomas finished testifying. During the latter cross-examination, Rishkofski testified at one point that Kevin did not get into specific details about observing his parents having sex "[j]ust as he didn't go there with the CAC person."

On March 25, 2022, the jury rendered a verdict for termination of Father's and Mother's parental rights under Family Code subsections 161.001(b)(1)(D) and (E), that termination of their parental rights was in the children's best interest, and that the Department should be appointed managing conservator of Kevin and Kenneth. The trial court signed the Decree of Termination in accordance with the jury verdict on April 26, 2022.[4] Neither Father nor Mother moved for instructed verdict, to disregard the jury's answer, for judgment notwithstanding the verdict, or for a new trial. Father and Mother filed notices of appeal, and this appeal followed.

---

[4] The trial court subsequently signed an Order Nunc Pro Tunc on June 15, 2022, which corrected a scrivener's error in the original Decree of Termination listing the trial start date as "March 22, 2002."

3

**STANDARD OF REVIEW**

To terminate the parent-child relationship, a court must find by clear and convincing evidence that: (1) the parent has committed one of the enumerated statutory grounds for termination and (2) it is in the child's best interest to terminate the parent's rights. Tex. Fam. Code § 161.001(b). Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id*. § 101.007. "The distinction between legal and factual sufficiency lies in the extent to which disputed evidence contrary to a finding may be considered." *In re A.C.*, 560 S.W.3d 624, 630 (Tex. 2018). When determining legal sufficiency, we consider whether "a reasonable factfinder could form a firm belief or conviction that the finding was true" when the evidence is viewed in the light most favorable to the factfinder's determination and undisputed contrary evidence is considered. *Id*. at 631. When determining factual sufficiency, we consider whether "in light of the entire record, the disputed evidence a reasonable factfinder could not have credited in favor of a finding is so significant that the factfinder could not have formed a firm belief or conviction that the finding was true." *Id*. We must "provide due deference to the decisions of the factfinder, who, having full opportunity to observe witness testimony first-hand, is the sole arbiter when assessing the credibility and demeanor of witnesses." *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014); *see also In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).

**DISCUSSION**

Both parents challenge the finding that termination is in the children's best interest and that there was factually sufficient evidence supporting termination under Subsections

4

(D) and (E). Father also challenges the finding that there was legally sufficient evidence supporting termination under Subsections (D) and (E), as well as the definition of "endanger" in the jury charge, admission of expert testimony by a licensed counselor, and the failure to strike several jurors for cause. We address each in turn.

*Statutory Grounds and Best Interest Findings*

Father's first issue and Mother's sole issue challenge the finding that termination is in the children's best interest and the trial court's finding that factually sufficient evidence supported termination of their parental rights under Subsections (D) and (E). Father also challenges the finding that legally sufficient evidence supported termination of his parental rights under Subsections (D) and (E). The Department contends that the parents have failed to preserve these legal and factual sufficiency challenges.

To preserve a challenge to the legal sufficiency of evidence in a jury trial, a party must take one of the following actions: (1) file a motion for instructed verdict, (2) file a motion for judgment notwithstanding the verdict, (3) object to the submission of the issue to the jury, (4) file a motion to disregard the jury's answer to a vital fact issue, or (5) file a motion for new trial. *See A.W. v. Texas Dep't of Fam. & Protective Servs*, No. 03-17-00048-CV, 2017 WL 3044243, at *2 (Tex. App.—Austin July 14, 2017, no pet.) (mem. op.) (concluding parent waived both factual and legal sufficiency challenges to termination by failing to preserve them); *In re E.M.*, 494 S.W.3d 209, 225 (Tex. App.—Waco 2015, pet. denied) (concluding father waived legal sufficiency challenge to best interest finding); *see also Cecil v. Smith*, 804 S.W.2d 509, 511 (Tex. 1991). Similarly, the party must file a motion for new trial to preserve a challenge to factual sufficiency. *See E.N. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-21-00014-CV, 2021 WL 2460625, at *6 (Tex. App.—Austin June 17, 2021, no pet.) (mem. op.) (concluding

father failed to preserve challenge to factual sufficiency of the evidence supporting termination); *see also In re J.M.S.*, 43 S.W.3d 60, 62 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (concluding both parents waived their factual and legal sufficiency challenges by failing to preserve them for review). Nothing in the record reflects that Father or Mother took any of the requisite actions to preserve their legal or factual sufficiency challenges to the statutory grounds or best interest findings, and neither Appellant disputes the Department's assertion that the parents did not take any of those actions to preserve this issue for appellate review.

Rather, Father argues that they are not required to preserve a legal or factual sufficiency challenge so long as the parents "present the issue" to the court of appeals by raising it in their briefing. He relies on *In re N.G.*, 577 S.W.3d 230 (Tex. 2019), to argue that allowing findings under Subsections (D) or (E) to go unreviewed on appeal violates the parents' due process rights. But Father overreads *In re N.G.* In that termination appeal, the Texas Supreme Court held that due process requires courts of appeals to review the sufficiency of evidence supporting findings under Subsections (D) and (E), even if another predicate finding is sufficient to uphold the judgment. *See Id.* at 237. *In re N.G.* requires such a review when the parents have "presented the issue on appeal," but that decision did not involve any challenge that the parents had failed to preserve their challenge. *Id.* at 235. The Supreme Court did not address preservation nor exclude predicate statutory ground challenges from the "long-established requirement of error preservation of legal and factual sufficiency issues in parental-rights terminations cases decided by a jury." *In re D.T.*, 593 S.W.3d 437, 439 n.3 (Tex. App.—Texarkana 2019), *aff'd*, 625 S.W.3d 62 (Tex. 2021); *see also In re A.R.S.*, No. 05-21-00655-CV, 2022 WL 224812, at *2 n.1 (Tex. App.—Dallas Jan. 26, 2022, no pet.) (mem. op.); *In re M.X.R.*, No. 04-20-00042-CV, 2020 WL 2736465, at *2–3 (Tex. App.—San Antonio May 27, 2020, no

6

pet.) (mem. op.). At most, the ruling in *In re N.G.* "presupposes that the appellant has preserved the issues for appeal in the first instance." *In re D.T.*, 593 S.W.3d at 439 n.3. We therefore decline to except factual and legal sufficiency challenges in parental-rights termination cases decided by a jury from the longstanding requirement of error preservation for appellate review. *See E.N.*, 2021 WL 2460625, at *6 n.7; *see also In re D.T.*, 593 S.W.3d at 439 n.3.

Accordingly, Father and Mother have failed to preserve their legal and factual sufficiency challenges to the statutory grounds and best interest findings and have waived those arguments.[5] We overrule Father's first issue and Mother's sole issue.

*"Endanger" Definition in Jury Charge*

As his second issue, Father contends the trial court erred by submitting an incomplete definition of "endanger" to the jury as part of the jury instructions.

We review the trial court's decision to refuse a particular instruction for an abuse of discretion. *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012). "A trial court has considerably more discretion in submitting instructions than it has in submitting questions." *V.C. v. Texas*

---

[5] A different panel of this Court recently handed down an opinion where the Court chose to review the predicate statutory ground findings because of "the interest of justice and because of the importance of the rights involved." *A.K. & T.A. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00285-CV, 2022 WL 14989625, at *5 (Tex. App.—Austin Oct. 27, 2022, no pet. h.) (mem. op.). Even though our approach is consistent with the prior decisions of this Court, *see E.N.*, 2021 WL 2460625, at *6 n.7 ("We do not interpret the supreme court's holding in *In re N.G.* as requiring us to address Father's unpreserved factual-sufficiency argument."), Tex. R. App. P. 47.1 (directing that opinions be "as brief as practical" and address issues "necessary" to final disposition), *A.K. & T.A.* is also readily distinguishable; in that appeal, one parent properly preserved her legal sufficiency challenge, and this Court therefore was already required to undertake a review of the endangerment findings as to the mother. *See A.K. & T.A.*, 2022 WL 14989625, at *5 (stating mother challenged the legal sufficiency of the evidence supporting the findings under Subsection (D) and (E)); *see also In re N.G.*, 577 S.W.3d at 237 (requiring Subsection (D) and (E) findings to be reviewed on appeal when those issues have been properly presented to the court).

7

*Dep't of Fam. & Protective Servs.*, No. 03-17-00889-CV, 2018 WL 3078099, at *12 (Tex. App.—Austin June 22, 2018, pet. denied) (mem. op.). A jury instruction is proper if it "(1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence." *Thota*, 366 S.W.3d at 687 (quoting *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 855–56 (Tex. 2009)). Even if a jury instruction was improper, we will not reverse a judgment for a charge error unless the error "probably caused the rendition of an improper judgment." *Id*.

The trial court submitted the following "Endanger" definition to the jury:

> To "Endanger" means to expose to loss or injury, to jeopardize. It is not necessary that the conduct be directed at the child or that the child actually suffers injury. This means that the conduct of the parent, or the conditions or surroundings in which the children lived, exposed the children to loss or injury or jeopardized the emotional or physical health of the children. The parental course of conduct includes both the parent's actions and the parent's omissions or failures to act. Acts by the parents both before and after the child's birth may be considered. ***The conduct of the parent did not have to be directed at the child; nor must the child actually have suffered injury from the parents conduct.*** The specific danger to the well-being of the children need not be established as an independent proposition, but may be inferred from the parent's misconduct alone.

(emphasis added). Father objected and sought to replace the bolded language with the following:

> To endanger means more than a threat of metaphysical injury or the possible ill effects of a less than ideal family environment, but it is not necessary that the conduct be directed at a child or that the child actually suffers injury.

The trial court overruled the objection.

Father has failed to demonstrate that failing to use his preferred language for that specific sentence fails to accurately state the law so as to render the definition legally incorrect and improper. *See In re K.H.*, No. 12-05-00077-CV, 2006 WL 3211299, at *2 (Tex. App.—Tyler Nov. 8, 2006, no pet.) (mem. op.) (rejecting similar challenge to "endanger" definition as

8

unnecessary for jury to render a proper verdict even though "the requested definitions are more detailed than those in the jury charge"). Moreover, Father has not demonstrated how his requested instruction was necessary to enable the jury to render a proper verdict when considering the definition as a whole that was submitted to the jury. *V.C.*, 2018 WL 3078099, at *13. We therefore conclude that Father has failed to show that the district court abused its discretion in denying his requested instruction. We overrule his second issue.

*Expert Testimony Challenge*

In his third and fourth issues, Father contends the trial court erred by failing to strike the testimony of Rishkofski, the children's counselor, on multiple grounds.

Father contends that Rishkofski's testimony should have been stricken because the Department failed to disclose monthly counseling notes pursuant to the local standing order. We review the admission or exclusion of evidence for an abuse of discretion. *See In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005) (per curiam). "We uphold a trial court's admission or exclusion of evidence unless (1) there was no legitimate basis for the court's ruling, and (2) the error probably caused the rendition of an improper judgment." *S.C. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-20-00039-CV, 2020 WL 3892796, at *10 (Tex. App.—Austin July 10, 2020, no pet.) (mem. op.). "A party who fails to disclose information concerning a nonparty witness in response to discovery requests may not offer that witness's testimony unless" there was either (1) good cause for the failure or (2) the failure did not unfairly surprise or unfairly prejudice the other parties. *See Van Heerden v. Van Heerden*, 321 S.W.3d 869, 875–76 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing Tex. R. Civ. P. 193.6(a)). We will review the entire record to determine if the admission or exclusion of the challenged evidence resulted in

9

the rendition of an improper judgment. *In re E.A.G.*, 373 S.W.3d 129, 145 (Tex. App.—San Antonio 2012, pet. denied). Even if the challenged evidence was improperly admitted, we may not reverse if the evidence is harmless because it is cumulative of other unchallenged, admitted evidence. *S.C.*, 2020 WL 3892796, at *10.

Without deciding whether monthly counseling notes must be disclosed as part of the complete case file under the local standing order, the record does not demonstrate the notes were in the Department's possession, custody, or control. *See* Tex. R. Civ. P. 192.3(b) ("A person is required to produce a document or tangible thing that is within the person's possession, custody, or control."). Rishkofski initially testified that he took notes every month and turned those notes over to the Department, but then corrected his testimony on re-direct, stating that his previous statement "was incorrect." Rishkofski clarified that he sent his monthly notes "to the foster care agency" but that he was not aware what the agency did with his notes. Caines testified that the foster care agency provided the Department with "some" notes and that she believed notes other than from July 2020 were provided "[i]f I remember correctly," but she did not identify the specific notes, if any, that were provided to the Department. The Department also stated that it produced the case record—including any counseling notes in its possession—to the parents, and that the only two files not produced were two files containing attorney work product.

Although there was some conflicting testimony, the trial court is the "sole arbiter" in assessing and weighing the credibility of the witnesses and their testimony. *See In re A.B.*, 437 S.W.3d at 503; *In re J.P.B.*, 180 S.W.3d at 573. Based on the entire record, the trial court reasonably could have determined that the Department had produced all of the monthly counseling notes in its possession. *See S.C.,* 2020 WL 3892796, at *10; *see also In re R.V., Jr.,*

10

977 S.W.2d 777, 783 (Tex. App.—Fort Worth 1998, no pet.) (concluding no abuse of discretion because parent "failed to rebut the State's assertion that it never received or knew about the more detailed notes"). The trial court therefore did not abuse its discretion in denying the motion to strike Riskhofski's testimony on this ground. *See In re J.P.B.*, 180 S.W.3d at 575. We overrule Father's third issue.

Father also argues that the trial court erred by allowing Rishkofski to remain in the courtroom during the testimony of Ashley Lomas, the CAC forensic interviewer. However, Father has failed to preserve this issue. "To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion, and state the specific grounds for the ruling sought." *In re A.N.*, No. 10-16-00394-CV, 2017 WL 4080100, at *2 (Tex. App.—Waco Sept. 13, 2017, no pet.) (mem. op.) (citing Tex. R. App. P. 33.1(a)(1)). As the Department began its direct examination of Lomas, the following exchange occurred between the trial court and Father's counsel:

> [Father's Counsel]: Your Honor, I'm sorry we had invoked the Rule, and it looks like Mr. Rishkofski is still in the courtroom.
>
> THE COURT: And he may remain. He is an expert, and experts are exempt from the Rule.
>
> [Father's Counsel]: I'm not sure that they are, Your Honor.
>
> THE COURT: I am. I'm the Judge. Sit down.
>
> [Department's Counsel]: May I proceed, Judge?
>
> THE COURT: You may.

Father did not raise any request or objection when Rishkofski returned to the stand, nor did Father raise any objection or request when Rishkofski made a single reference to "the CAC person" in response to a question by Father's counsel. The exchange between the trial court and

11

Father's counsel did not contain any statement sufficiently specific to make the trial court aware of the specific grounds for an objection or request raised by Father, nor are the specific grounds "apparent from the context." Tex. R. App. 33.1(a)(1). Accordingly, any error by the district court in exempting Rishkofski from the Rule has been waived. *See C.G. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00019-CV, 2022 WL 2069128, at *4 (Tex. App.—Austin June 9, 2022, no pet. h.); Tex. R. App. P. 33.1(a)(1)(A).

Even if the Rule was violated by Rishkofski's presence in the courtroom during Lomas's testimony, the trial court still had discretion to allow his testimony after considering all the circumstances. *See Drilex Sys., Inc. v. Flores*, 1 S.W.3d 112, 117 (Tex. 1999) ("When the Rule is violated, the trial court may, taking into consideration all of the circumstances, allow the testimony of the potential witness, exclude the testimony, or hold the violator in contempt."); *accord In re K.M.B.*, 91 S.W.3d 18, 28 (Tex. App.—Fort Worth 2002, no pet.). Lomas's testimony was cumulative of the removal affidavit, which had already been admitted as an exhibit and had been previously provided to Rishkofski. Furthermore, Father has failed to demonstrate how admission of Rishkofski's additional testimony during his cross-examination—which included a reference to "the CAC person" in response to a single question on a topic not explicitly discussed by Lomas in her testimony—probably resulted in an improper judgment. *See In re K.M.B.*, 91 S.W.3d at 28. We overrule Father's fourth issue.

*Voir Dire Challenge*

Father also reserved his right to challenge purported errors by the trial court in denying several motions to strike potential jurors for cause. However, Father has failed to submit any briefing or arguments on this issue. We therefore hold that Father has waived this

challenge. *See* Tex. R. App. P. 38.1(i) (requiring briefs to contain "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also In re R.H.W. III*, 542 S.W.3d 724, 742 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("Father failed to adequately brief any argument in support of this issue, and so has waived the complaint."); *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.) ("Bare assertions of error without argument or authority waive error."). We overrule Father's fifth issue on appeal.

## CONCLUSION

Having concluded Father and Mother waived their challenges to the findings of predicate statutory grounds and best interest and overruling Father's other issues, we affirm the trial court's final decree terminating Father's and Mother's parental rights to Kevin and Kenneth.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith
  Concurring Opinion by Justice Triana

Affirmed

Filed:  November 10, 2022