**ONE CALL SYSTEMS, INC., Appellant,**

v.

**HOUSTON LIGHTING AND POWER, Et Al., Appellees.**

No. 14–95–00723–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 3, 1996.

Rehearing Overruled Nov. 7, 1996.

Robert M. Roach, Jr., Ronald E. Cook, Dulce M. Utset, Houston, for appellants.

R. Paul Yetter, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

In this contract dispute, One Call Systems, Inc. ("One Call") appeals a judgment granted in favor of Houston Lighting and Power Company and Entex, a division of Arkla, Inc. (collectively, the "utilities") on the grounds that the trial court erred in (1) awarding the utilities attorney's fees and (2) failing to strike certain expert opinion testimony. We affirm.

### Background

In 1989, One Call entered into contracts with each of the utilities to provide call center services.[1] Shortly before three years had elapsed, the utilities informed One Call that they would stop using its services at the end of that three year period. One Call brought suit against the utilities[2] for breach of contract, fraud, intentional interference, and civil conspiracy. The utilities counterclaimed to recover attorney's fees but sought no other affirmative relief.

---

1. Although One Call entered into separate contracts with each utility, the provisions of each contract relevant to this appeal were identical. Pursuant to the contracts, anyone who planned to do excavation work could reduce the chance of damaging nearby utility lines by notifying One Call who would, in turn, contact each participating utility with lines in the area. The utilities would then mark the property to show the location of their lines.

2. Southwestern Bell Telephone Company was also sued but settled with One Call during trial.

The lawsuit focused on the parties' conflicting interpretations of the length of term of the contract. One Call construed the term to be eight years during which One Call was entitled to propose a price within a stated range for the final five years. Therefore, One Call claimed that the utilities had no right to terminate the contracts after only three years. The utilities argued that the contracts required only a three year term after which One Call was allowed to bid for a second term at a price that would not be excessive.

The jury ultimately found that the parties had not agreed to eight year contracts and that the utilities had each incurred reasonable attorney's fees of $146,000 for trial and would incur additional specified attorney's fees for appeal. Based on this verdict, the trial court entered judgment that One Call take nothing and that the utilities recover attorney's fees as found by the jury.

### Attorney's Fees

In the first two of its four points of error, One Call argues that the award of attorney's fees was improper because there is no legal basis for the fees and the evidence is legally insufficient to support the award.

■ Before reaching the merits of these points, we first address the utilities' contention that One Call failed to preserve error by not raising these objections prior to its motion for new trial. No evidence or legal sufficiency points of error may only be sustained when the record discloses (1) a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, and (4) the evidence established conclusively the opposite of the vital fact. *Cecil v. Smith*, 804 S.W.2d 509, 510 n. 2 (Tex.1991). In a jury trial, challenges to the legal sufficiency of evidence are preserved by a (1) motion for instructed verdict (2) motion for judgment notwith-

standing the verdict (3) objection to the submission of an issue to the jury (4) motion to disregard the jury's answer to a vital fact issue or (5) motion for new trial specifically raising the complaint. *Id.* at 510–511.

■ In this case, the record contains evidence that the utilities incurred attorney's fees. However, One Call contends that this evidence must be disregarded because the contracts afford no basis for awarding attorney's fees. We therefore interpret the first two points of error as legal sufficiency points because they argue, in effect, that the court is barred by a rule of law from giving weight to the evidence admitted to prove attorney's fees.[3] Accordingly, One Call preserved error with regard to this challenge by asserting in its motion for new trial, "There is no basis in law or fact to support the award of these [attorney's] fees to the Defendants.... The Defendants did not prove any theory of liability, such as breach of contract, under which they were entitled to recover attorney's fees.... Because the Defendants did not establish that they were entitled to legal fees from One–Call on any legal grounds, the Defendants cannot recover legal fees from One–Call as a matter of law."

Turning to the merits of these points, when an agreement is worded so that it can be given a certain or definite legal meaning, then it is not ambiguous and we construe it as a matter of law.[4] *Lenape Resources Corp. v. Tennessee Gas Pipeline Co.*, 925 S.W.2d 565, 574 (Tex.1996). In construing a contract, we give the language its plain grammatical meaning unless it would defeat the intention of the parties. *Reilly v. Rangers Management, Inc.*, 727 S.W.2d 527, 529 (Tex. 1987).

■ In this case, paragraph 17 of the contracts, entitled "Attorney's Fees and Costs," provides:

If any action at law or in equity is brought by either party to enforce or interpret any of the terms of this Contract, it is expressly agreed by the parties hereto

**3.** Although One Call has characterized this as a "matter of law" point, we have found no authority that such a point is not a type of no evidence or legal sufficiency point.

**4.** None of the parties has argued that the attorney's fees provision in this case is ambiguous.

that *either party* shall be entitled to recover from the other reasonable attorney's fees, costs and necessary disbursements *in addition to any other relief which it may be entitled.*

(emphasis added). One Call interprets the highlighted language to mean that a party may recover attorney's fees only when that party is awarded other affirmative relief. In this regard, One Call likens the meaning of paragraph 17 to that of section 38.001 of the Texas Civil Practice and Remedies Code which provides:

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and cost, if the claim is for ... (8) an oral or written contract.

TEX.CIV.PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986). As both sides here agree, in order for attorney's fees to be recoverable under section 38.001, a party must not only prevail on a cause of action for which attorney's fees are recoverable, but must also recover damages. *See State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995).[5] Although attorney's fees were not claimed or awarded under section 38.001 in this case, One Call argues that paragraph 17 should be construed to have the same meaning as section 38.001 because both contain a similar "in addition to" requirement. Therefore, because the utilities counterclaimed only for attorney's fees, and sought and recovered no other relief, One Call contends that the award of attorney's fees to the utilities was not "in addition to any other relief" within the meaning of paragraph 17 and, thus, not allowed by the contracts.

Although One Call's argument has been skillfully presented, we do not find adequate language in paragraph 17 to sustain it. The operative language of paragraph 17 is that "[i]f any action ... is brought by either party to enforce or interpret any terms of this Contract, ... [then] either party shall be entitled to recover ... attorney's fees ... in

addition to other relief which it may be entitled." As we read it, the plain grammatical meaning of this language is not that a party is entitled to recover attorney's fees *only* in addition to any other relief which it *is actually awarded*, but, rather, that *either* party is entitled to recover attorney fees in addition to any other relief to which it *may* be entitled, *i.e., if any.*

Moreover, while both section 38.001 and paragraph 17 contain the phrase "in addition to," the language which follows that phrase in section 38.001, "the amount of a valid claim," denotes a claim that has both been found valid and reduced to an amount. By contrast, the language which follows "in addition to" in paragraph 17, "any other relief which it may be entitled" does not necessarily denote a claim that has either been found valid or reduced to an amount. Under these circumstances, the wording of paragraph 17 is not so close to that of section 38.001 as to be governed by its meaning. Moreover, even if the restriction asserted by One Call is more in conformity with the prevailing statutory approach and sound policy, the parties were nevertheless free in their contract to adopt a more liberal standard for recovery of attorney's fees, and we are bound by their choice. Having construed paragraph 17 consistently with the trial court's award of attorney fees, we overrule One Call's first two points of error.

In its third point of error, One Call claims that the evidence is also *factually* insufficient to support the award of attorney's fees. However, because One Call has not stated on appeal how or why the evidence is factually insufficient or otherwise supported that contention with facts, authorities or argument, this point presents nothing additional for our review. *See* TEX.R.APP.P. 74(f); *Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994). It is therefore also overruled.

---

5. The requirement for an actual recovery as a condition to awarding attorney's fees is not, however, universal. In a declaratory judgment action, for example, an award of attorney's fees does not require that a party even substantially prevail. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986); *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex.1996).

## Expert Testimony

In its fourth point of error, One Call complains of the trial court's failure to strike certain expert witness testimony.

At trial, the utilities presented, among other evidence, the testimony of an attorney, Diana Marshall ("Marshall"), whom they had designated as an expert witness on only the reasonableness and necessity of attorney's fees. During her direct examination, the following exchange took place:

Q ... [D]o you have experience with this sort of dispute that would allow you to understand what this lawsuit would entail?

A Yes. I think the way that I characterized it as I assessed the necessity for attorney's' fees, basically, was that it was a dispute over an anti-gouging provision of a contract as well as a bid, bidding opportunity provision. Those are the two provisions that I saw.

[ONE CALL'S ATTORNEY]: Excuse me, Your Honor, I object to this testimony. Ms. Marshall is testifying about her opinion what the contract means. As I understand it, she is here to testify as to the reasonableness of Mr. Yetter's fees, not the dispute that we have been trying for the last three days, Your Honor.

THE COURT: I believe that her testimony is directed to the reasonableness of the fee, depending on the complexity of the case; and to that extent, it will be admitted.

One Call argues that, upon its counsel's objection, this testimony should have been stricken by the trial court pursuant to Texas Rule of Civil Procedure 215(5) because it characterized the key contractual provisions at issue, it was outside the scope of the expert's subject matter designation on the reasonableness and necessity of attorney's fees, and the utilities did not show good cause for its admission.

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion, state the specific grounds therefor, and obtain a ruling. Tex.R.App.P. 52(a). To preserve error *after* inadmissible evidence is allowed before the jury, a party must sequentially pursue an adverse ruling from the trial court by: (1) objecting to the complained-of evidence, (2) moving the court to strike the evidence from the record, (3) requesting the court to instruct the jury to disregard the evidence, and (4) moving for a mistrial. *Hur v. City of Mesquite*, 893 S.W.2d 227, 231 (Tex.App.—Amarillo 1995, writ denied). Absent an adverse ruling from the trial court, nothing is preserved for appellate review. *Id.*; Tex.R.App.P. 52(a).

Here, in response to One Call's objection, the trial court ruled that the expert's statement would be admitted as to the reasonableness of the attorney's fee, depending on the complexity of the case. To that extent, the trial court sustained One Call's objection to the admissibility of the statement as to the contract interpretation issue.[6] One Call did not then move to strike the statement, ask for an instruction to disregard it, or move for a mistrial. Because One Call thereby pursued and obtained no adverse ruling from the trial court on the complained-of testimony, it preserved no error on this point for appellate review. Accordingly, point of error four is overruled and the judgment of the trial court is affirmed.

---

6. It is presumed on appeal that the jury followed the court's instructions and based its findings only on evidence properly before it unless the contrary appears. *See Duncan v. Smith*, 393 S.W.2d 798, 805 (Tex.1965).