IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00103-CV

 

Jake D. Kinnard, Individually 

and dba Triple J Convenience Store,

                                                                      Appellant

 v.

 

Braziel Cooler-Freezer Mfg., Inc.,

                                                                      Appellee

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 05-12-30205BCCV

 



MEMORANDUM  Opinion










 

      Kinnard appeals the trial
court’s judgment in favor of Braziel in Braziel’s suit on a sworn account.  See
Tex. R. Civ. P. 185.  We
affirm as modified.

      In Kinnard’s first issue, he
contends that the trial court overruled Kinnard’s motion to amend his pleadings
and so erred.

      As a prerequisite to presenting a
complaint for appellate review, the record must show that:

      (1)  the complaint was made to
the trial court by a timely request, objection, or motion
. . . ; and

      (2)  the trial court:

     (A)  ruled on the request,
objection, or motion, either expressly or implicitly; or

     (B)  refused to rule on the request,
objection, or motion, and the complaining party objected to the refusal.

Tex. R.
App. P. 33.1(a).  “Absent an
adverse ruling from the trial court, nothing is preserved for appellate
review.”  One Call Sys., Inc. v. Houston Lighting & Power, 936
S.W.2d 673, 677 (Tex. App.—Houston [14th Dist.] 1996, writ denied); accord
In re L.R., 84 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.] 2002, no
pet.) (juvenile adjudication).  The trial court granted Kinnard’s motion, and
filed Kinnard’s second amended pleading.  We overrule Kinnard’s first issue.

      In Kinnard’s second issue, he
contends that the evidence was insufficient.  

      First, Kinnard contends that
the evidence supporting certain of the trial court’s findings of fact was
factually insufficient.  Kinnard attempts to challenge the following findings
of fact:

13.  In the Spring of 2005, Kinnard
ordered several pieces of additional equipment to be used in [Kinnard’s] store,
the equipment contract.

14.  Braziel’s employees delivered
the additional equipment ordered by Kinnard.

15.  Kinnard refused to accept
Braziel’s invoice for the $9,075.24 additional equipment.

16.  Kinnard refused to pay for the
additional equipment.

17.  Braziel was damaged under the
equipment contract in the amount of $9,075.24.

([sic] C.R. at 19 (bracketed
alteration added).)

      The failure to file a verified
denial of Braziel’s sworn account would prevent Kinnard from challenging those
findings.  Cf. Tex. R. Civ. P. 93(10), 185; Rizk v.
Fin. Guardian Ins. Agency, Inc., 584 S.W.2d 860, 862 (Tex. 1979); Double
Diamond, Inc. v. Hilco Elec. Co-op, Inc., 127 S.W.3d 260, 268 (Tex.
App.—Waco 2003, no pet.); Nguyen v. Short, How, Frels & Heitz, P.C., 108
S.W.3d 558, 562 (Tex. App.—Dallas 2003, pet. denied).  Kinnard contends that
the parties tried those issues by consent, or that Braziel’s suit was not
properly one on a sworn account.  Assuming without deciding that Kinnard may
challenge those findings, we hold that the evidence supporting the findings was
factually sufficient.

      “When we review factual
sufficiency, we consider and weigh all of the evidence and will set
aside the verdict only if it so against the great weight and preponderance of
the evidence that it is clearly wrong and unjust.”  City of Keller v. Wilson, 168 S.W.3d 802, 826 (Tex. 2005) (quoting Carter v. Steverson & Co., 106
S.W.3d 161, 166 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)); see In
re C.H., 89 S.W.3d 17, 25 (Tex. 2002); In re King’s Estate, 150 Tex. 662, 665, 244 S.W.2d 660, 661 (1951).  

      Kinnard challenges the
sufficiency of the evidence only concerning one piece of equipment, a fryer. 
Kinnard points to evidence that he told Braziel that Kinnard intended to
purchase a fryer from someone other than Braziel; that Kinnard did purchase a
fryer from someone else; that Kinnard accepted delivery of the equipment,
including the fryer, as an accommodation to Braziel; and that after Kinnard
rejected the equipment, Braziel did not pick up the equipment, either because
Kinnard said he was buying the equipment, or because the equipment was a
fixture.  Braziel points to evidence that Kinnard requested a list of
equipment, for which Braziel quoted a price of $9,075.24, including a fryer;
that Kinnard accepted delivery of the equipment; that Kinnard said, after
delivery, that he was going to pay for the equipment; and that when Kinnard did
not pay, Braziel attempted to pick up the equipment, but Kinnard would not let
Braziel, on the ground that the equipment was a fixture.  Considering all of
this evidence, we hold that the evidence supporting the trial court’s findings
of fact Nos. 13 through 17 was not contrary to the great weight and
preponderance of the evidence.  The evidence supporting those findings was
factually sufficient.

      Next, Kinnard contends that
the evidence supporting certain of the trial court’s findings of fact was
legally insufficient.  Kinnard complains of the following finding:

Braziel retained the law firm of Robertson,
Robertson & Silas, Attorneys, L.L.P. to represent them in this suit and
incurred reasonably and necessary attorney’s fees and expenses in the amount of
$3,500 through date of trial.

([sic] C.R. at 19.)  Kinnard
challenges the sufficiency of the evidence of the amount of reasonable
attorney’s fees.

      “A challenge to the legal
sufficiency of the evidence by the party not having the burden of proof at
trial is to be addressed by the reviewing court as a ‘no evidence’ issue.”  Acadian
Geophysical Servs., Inc. v. Cameron, 119 S.W.3d 290, 301 (Tex. App.—Waco
2003, no pet.) (quoting Gooch v. Am. Sling Co., 902 S.W.2d 181, 183-84
(Tex. App.—Fort Worth 1995, no writ)); see Hazlewood Patterson Co. v.
Hancock, No. 10-03-00274-CV, 2004 Tex. App. LEXIS 11314, at *14 (Tex.
App.—Waco Dec. 15, 2004, pet. denied) (mem. op.) (attorney’s fees); Checker
Bag Co. v. Washington, 27 S.W.3d 625, 640 (Tex. App.—Waco 2000, pet.
denied) (attorney’s fees).

“No evidence” points must, and may only, be
sustained when the record discloses one of the following situations: (a) a
complete absence of evidence of a vital fact; (b) the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to
prove a vital fact; (c) the evidence offered to prove a vital fact is no
more than a mere scintilla; (d) the evidence establishes conclusively the
opposite of the vital fact.

City of Keller, 168 S.W.3d at 810 (quoting Robert W. Calvert, “No
Evidence” and “Insufficient Evidence” Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960)); see
Kroger Tex. Ltd. P’ship v. Suberu, 49 Tex. Sup. Ct. J. 592, 594, 2006 Tex. LEXIS 441, at *9 (Tex. May 5, 2006).  “The final test for legal sufficiency
must always be whether the evidence at trial would enable reasonable and
fair-minded people to reach the verdict under review.”  City of Keller at 827.  The reviewing “court must consider evidence in the light most
favorable to the verdict, and indulge every reasonable inference that would
support” the verdict.”  Id. at 822.  “[L]egal-sufficiency review
. . . must credit favorable evidence if jurors could, and disregard
contrary evidence unless reasonable jurors could not.”  Id. at
827.    

      Braziel’s attorney testified
that before the time of the first trial setting, Braziel had “expended”
$2,320.75 in attorney’s fees, that $150.00 per hour was a “reasonable fee” for
the work, that he had contracted with Braziel at that rate, and that he had
spent eight or nine hours on the case since the first setting, so that $3,500.00
was “a reasonable total fee in this case.”  (1 R.R. at 59.)  Viewing the
evidence in the light most favorable to the trial court’s finding, and
crediting that evidence that a reasonable factfinder could, we hold that there
was more than a scintilla of probative evidence of reasonable attorney’s fees
in the amount of $3,500.00.  The evidence of Braziel’s attorney’s fees was
legally sufficient.

      We overrule Kinnard’s second
issue.

      In Kinnard’s third issue, he
contends that the trial court erred in ordering the amount of attorney’s fees
and prejudgment interest included in the amount to be paid out of the proceeds
of the lien foreclosure.  Braziel agrees.  We sustain Kinnard’s third issue.

      Having
overruled Kinnard’s first and second issues and sustained his third issue, we
modify the judgment as prayed for by Kinnard and affirm the judgment as so
modified.

TOM GRAY

Chief Justice




Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Modified and affirmed as modified

Opinion delivered and filed February 14, 2007

[CV06]