COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                                 NO.
02-07-148-CV

 

 

GLENN E. GALLAHER                                                                         APPELLANT

 

                                                             V.

 

GENA BROWN                                                                                      APPELLEE

 

                                                       ------------

 

                  FROM
THE 348TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








In two points, Appellant Glenn Gallaher argues that the
trial court erred by denying his motion for new trial because Appellee Gena
Brown mentioned at trial a previously undisclosed witness only to prejudice the
jury and because Appellee mentioned at trial Appellant=s previous car
accidents in violation of the trial court=s order on
Appellant=s motion in limine.  Because we hold that the trial court did not
abuse its discretion by denying Appellant=s motion for new
trial, we affirm the trial court=s judgment.

Facts and Procedural History

On November 29, 2005, Appellant filed suit against Appellee
and her insurance carrier, State Farm Mutual Automobile Insurance Company, for
damages arising out of a car accident between Appellant and Appellee.  He alleged that on December 4, 2003, Appellee
changed lanes while turning left at an intersection and struck his car, pushing
it into the median.  Appellant claimed
injuries resulting from the accident and sought damages for reasonable medical
expenses, lost wages, and damage to his credit report due to nonpayment of
medical expenses.  He alleged that State
Farm had failed to pay for all the damages to his vehicle, causing him mental
anguish, monetary damages, and harm to his credit.  State Farm filed a plea to the jurisdiction
on standing grounds, which the trial court granted.








The case went to trial on Appellant=s claims against
Appellee.  Appellant filed a motion in
limine seeking to exclude testimony that he had Abeen involved in
any unrelated prior claims, wrecks, suits, settlements, workers= compensation
cases, and the amount thereof.@  Because Appellant claimed medical expenses
for treatment of a back injury resulting from his car accident with Appellee,
the trial court allowed Appellee to introduce evidence that he had been
involved in a prior accident that he had previously claimed had injured his
back.  The trial court granted Appellant=s motion as to
other accidents that Appellant had been involved in.

The jury found that the negligence of both Appellant and
Appellee caused the accident, attributing seventy-five percent of fault to
Appellee and twenty-five percent to Appellant. 
The jury awarded Appellant damages of $150.00 for past medical
expenses.  Appellee filed a motion for
judgment on the verdict in which she claimed a credit of $4,133.59 for the
amount State Farm had previously paid to Appellant.  The trial court entered a final judgment
acknowledging application of the credit and ordering that Appellant take
nothing.

Appellant filed a motion for new trial based on grounds of
newly discovered evidence and of Appellee=s violation of the
trial court=s order on the motion in limine.  The trial court denied the motion, and
Appellant filed this appeal.

Standard of Review








We review for an abuse of discretion a trial court=s decision on a
motion for new trial.[2]  To determine whether a trial
court abused its discretion, we must decide whether the trial court acted
without reference to any guiding rules or principles; in other words, we must
decide whether the act was arbitrary or unreasonable.[3]  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.[4]

Analysis

Appellant brings two points on appeal.  Appellant=s first point is
that A[f]or the first
time in the course of this lawsuit, during trial [Appellee] mentioned a witness
that had not been identified in discovery as a person with relevant
knowledge.  The witness was only
mentioned to prejudice the jury and for trial by ambush.@  He characterizes this testimony as newly
discovered evidence warranting a new trial.

At trial, Appellee testified that at the scene of the
accident, Appellant began screaming at her. 
Her attorney then elicited the following testimony:

[Appellee=s attorney]: Now, as ‑‑
as [Appellant] continued to scream and curse at you, did he finally stop when a
friend of yours who was a male that was following you to the Christmas party
came up?








[Appellee]:  Yeah, he pulled his car up behind mine in the
median and got out and walked up because he saw his behavior, and as soon as he
came up, he stopped.

 

Appellant
argues that Appellee=s Amale friend@ was a person with
relevant knowledge whom Appellee had failed to disclose and that Appellee
therefore was not entitled to produce evidence mentioning this friend.  Appellant contended that, because of this
testimony, the trial court should have granted him a new trial.  Appellee counters that the testimony showed
that this friend did not arrive at the scene until after the accident had
occurred and therefore was not a person with relevant knowledge as to liability
or as to Appellant=s medical injuries.  Appellee further argues that Appellant has
not shown how the failure to identify the friend probably caused an improper
verdict.








We hold that Appellant has not preserved this argument for
review because he did not object in the trial court when this testimony was
introduced.[5]  Further, we note that any error in the
admission of this testimony was harmless because Appellant conceded in his
closing argument that he yelled at Appellee, and Appellant has made no showing
of what information he would have obtained from Appellee=s friend or how
the testimony of the existence of this person probably caused the rendition of
an improper verdict.[6]  We overrule Appellant=s first point.








In his second point, Appellant argues that the trial court
abused its discretion by failing to grant a new trial because Appellee violated
the court=s order on his motion in limine by asking
Appellant about car accidents in which he had previously been involved other
than the accident in which he had previously injured his back.  A motion in limine preserves nothing for
review.[7]  A party who wishes to complain on appeal
about a violation of a motion in limine must object when the testimony that is
the subject of the motion is offered at trial.[8]  The party must further ask the court to
instruct the jury to disregard the objectionable testimony and move for a
mistrial.[9]


During trial, Appellee=s attorney twice
raised the issue of prior accidents.  In
one instance, he questioned Appellant about whether he had injured his back in
a car accident in 1994.  That line of
questioning did not violate the trial court=s order on the
motion in limine.  Appellee=s attorney also
asked Appellant about an accident when questioning him about his cutting off
Appellant after she had hit his car. 
Appellee=s attorney asked, ANow, the truth of
the matter is youCyou did that because you were in another
accident where a hit‑and‑run driver hit you in that same car; isn=t that true?@  Appellant objected that the evidence had no
relevance and was prejudicial.  The trial
court sustained Appellant=s objection.  

Appellant received from the trial court all the relief that
he requested.  Because Appellant did not pursue an
adverse ruling from the trial court, he has not preserved this issue for
review.[10]



















Appellant contends that the error was not curable by an
instruction to disregard.  To show
grounds for a new trial based on an improper question where a party did not
receive an unfavorable ruling, the party must establish the same factors as
would be required to show reversible error because of an improper jury
argument,[11]
and a party arguing that an improper question created incurable harm has the
burden to prove that the question was not curable by an
instruction, a prompt withdrawal of the statement, or a reprimand by the judge.[12]  But Appellant does not demonstrate or explain
why the question of Appellee=s attorney was
incurable, or how, in the context of the entire record, the question
constituted reversibly harmful error. 
The jury was allowed to hear that Appellant had been in at least one
other car accident because Appellee was permitted to question him about his
1994 car accident that injured his back. 
There was nothing to suggest to the jury that the hit‑and‑run
accident and this 1994 accident were not one and the same, and in any case,
Appellant does not explain why the jury=s learning of one
other car accident involving him was not likely to inflame the jury, but
learning of two car accidents was.  In
fact, he does not offer any argument at all as to how the question probably
resulted in the rendition of an improper verdict.  The cases cited by Appellant set out the
standard for reviewing error in cases in which improper jury argument or jury
questioning takes place, but they do not lend support for Appellant=s argument that
the question in this case resulted in incurable error.[13]  Because Appellant has not shown that Appellee=s question was
incurable error and because he did not pursue an unfavorable ruling by the
trial court, we overrule Appellant=s second point.

Conclusion

Having overruled both of Appellant=s points, we
affirm the trial court=s denial of Appellant=s motion for new
trial.

 

PER CURIAM

 

PANEL
F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED:
April 17, 2008

 











[1]See Tex. R.
App. P. 47.4.





[2]In re R.R., 209 S.W.3d 112, 114 (Tex. 2006);
Champion Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex.
1988) (orig. proceeding).





[3]Downer v. Aquamarine Operators,
Inc., 701 S.W.2d
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).





[4]Id.





[5]See One Call Sys., Inc.
v. Houston Lighting & Power, 936 S.W.2d 673, 677 (Tex. App.CHouston [14th Dist.]
1996, writ denied) (stating that to preserve error when allegedly inadmissible
evidence is put before the jury, a party must pursue an adverse ruling from the
trial court, and absent such an adverse ruling, Anothing is preserved for
appellate review@); see also Tex. R. App. P. 33.1(a).





[6]See Tex. R.
App. P. 44.1(a) (stating that no judgment
may be reversed on appeal for trial court error unless the error probably
caused the rendition of an improper judgment or probably prevented the
appellant from properly presenting the case to the court of appeals); see
also Smith v. Levine, 911 S.W.2d 427, 433 (Tex. App.CSan Antonio 1995, writ
denied) (noting rule that a party seeking new trial based on newly discovered
evidence Amust bring forward non‑cumulative
evidence of which the movant did not become aware, and could not with the
exercise of diligence have become aware, until after trial, and this newly‑discovered
evidence must be so material that it would probably produce a different result@).





[7]In re R.V., Jr., 977 S.W.2d 777, 780 (Tex. App.CFort Worth 1998, no pet.).





[8]Greenberg Traurig of N.Y., P.C. v.
Moody, 161 S.W.3d
56, 91 (Tex. App.CHouston [14th Dist.] 2004, no
pet.). 





[9]Tex.
R. App. P.
33.1(a); Tex. R. Evid. 103; State Bar of
Tex. v. Evans, 774 S.W.2d 656, 658 n.6 (Tex. 1989).





[10]See One Call Sys., Inc., 936 S.W.2d at 677; see also Patir v. MFC Int=l Corp., 60 S.W.3d 355, 357 (Tex. App.CHouston [1st Dist.] 2001, no pet.)
(holding that a party must pursue an adverse ruling to preserve error in the
admission of testimony).





[11]See Luna v. North Star
Dodge Sales, Inc., 667 S.W.2d 115, 120 (Tex. 1984) 
(stating that the standard for showing reversible error based on
allegedly improper jury argument also applies when allegedly improper
questioning of a witness occurs); Standard Fire Ins. Co. v. Reese, 584
S.W.2d 835, 839-40 (Tex. 1979) (holding that (1) a party arguing reversible
error based on improper jury argument must demonstrate that an uninvited,
preserved error occurred that was not curable by an instruction, a prompt
withdrawal of the statement, or a reprimand by the judge and that the argument
by its nature, degree and extent constituted reversibly harmful error, (2) that
all of the evidence must be closely examined to determine the argument=s probable effect on a
material finding, and (3) a reversal must come from an evaluation of the whole
case).





[12]See Tex. Employers= Ins. Ass=n v. Haywood, 153 Tex. 242, 245, 266
S.W.2d 856, 858 (1954) (holding that only when the probable harm or the
resulting prejudice caused by an improper argument cannot be eliminated by
retraction or instruction will a new trial will be awarded in the absence of
timely, overruled objection and that Aargument which is improper only because its
nature is calculated to inflame the minds and arouse the passion of prejudice
of jurors is usually regarded as being of the >curable= type@); see also Reese,
584 S.W.2d at 839-40.





[13]See Geuder v. State,
115 S.W.3d 11, 13-15 (Tex. Crim. App. 2003) (stating that Ato preserve error, an
objection must be timely, specific, [and] pursued to an adverse ruling,@ and that a motion in
limine preserves nothing for review and holding that the appellant had
preserved his complaint because the trial court overruled his objection to
admitted evidence); Westmoreland v. State, 174 S.W.3d 282, 290-91 (Tex.
App.CTyler 2005, pet. ref=d) (holding that the
trial court did not err when it did not grant a mistrial after a witness
violated a motion in limine because the appellant objected when the testimony
was admitted at trial, the trial court sustained the objection and gave an
instruction to disregard, and the appellant did not request a mistrial because
of the testimony and thus received all the relief he requested); Williams v.
Gen. Motors Acceptance Corp., 428 S.W.2d 441, 447 (Tex. Civ. App.CSan Antonio 1968, no
writ) (holding that generally, in order to be entitled to a new trial because
of improper jury argument, a party must show that the party objected when the
argument was made and that the trial court overruled the objection, and absent
such an objection a new trial will be awarded only if the probable harm
resulting from the argument cannot be cured by a retraction or an instruction).