

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00282-CV

———————————————————

WOODBRANCH INVESTMENTS, WOODBRANCH MANAGEMENT, INC., AND
WOODBRANCH COWTOWN PARKING, LLC, Appellants

V.

XTO ENERGY, INC., Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-331746-22

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

## I. Introduction

This appeal arises from a dispute between a landlord and a tenant over the construction of one of three attorney's-fee provisions in their lease, requiring us to consider the interplay between the lease's terms—specifically, "prevailing" party and "in addition to"—and Texas law. In Texas, the general rule (also known as the "American" rule) is that litigants are responsible for their own attorney's fees. *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013). However, a party may recover its attorney's fees from an opposing party if such recovery is authorized by a statute. *Sunchase IV Homeowners Ass'n v. Atkinson*, 643 S.W.3d 420, 422 (Tex. 2022) (citing *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019)). One such statute is Section 38.001 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001.

Under Subsection (b)(8) of Section 38.001, a person "may recover reasonable attorney's fees . . . , *in addition to the amount of a valid claim* and costs, if the claim is for . . . an oral or written contract." *Id.* § 38.001(b)(8) (emphasis added). The italicized portion of Section 38.001 has been construed to mean that a party may recover its attorney's fees *if* it prevails on a cause of action for which attorney's fees are recoverable *and* recovers damages, although it need not obtain a net recovery. *J. Michael Ferguson, P.C. v. Ghrist Law Firm, PLLC*, No. 02-18-00332-CV, 2021 WL 2006321, at *24 (Tex. App.—Fort Worth May 20, 2021, pet. denied) (mem.

op.); *see In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013) (orig. proceeding) ("To recover attorney's fees under [Section 38.001], a party must first prevail on the underlying claim *and* recover damages.").

A party may also recover its attorney's fees from an opposing party if such recovery is authorized by the parties' contract. *Sunchase IV Homeowners Ass'n*, 643 S.W.3d at 422 (citing *Rohrmoos*, 578 S.W.3d at 484). "Parties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38's." *Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009) (construing a contract with a "prevailing party" clause); *see Severs v. Mira Vista Homeowners Ass'n*, 559 S.W.3d 684, 706 (Tex. App.—Fort Worth 2018, pet. denied) (stating that parties "are free to contract for recovery of attorney's fees without [Section 38.001's] limitations"). We are bound by the parties' choices and language in their contract. *See Intercont'l Grp. P'ship*, 295 S.W.3d at 653 (observing that the parties' contract controlled over case law and Chapter 38).

The instant dispute arose when an employee of Appellee XTO Energy, Inc., the tenant, was injured on the premises that XTO leased from Appellants Woodbranch Investments, Woodbranch Management, Inc., and Woodbranch Cowtown Parking, LLC (collectively, the Landlord). The XTO employee collected benefits under XTO's workers'-compensation policy, *see* Tex. Lab. Code Ann. § 408.001(a), and then sued the Landlord for negligence.

The Landlord filed a third-party petition seeking indemnity and attorney's fees from XTO under the parties' lease and under Section 38.001. XTO counterclaimed for its attorney's fees under the parties' lease and moved for summary judgment. The trial court granted XTO's summary-judgment motion, rendered a take-nothing judgment for XTO, and awarded to XTO its attorney's fees pursuant to the lease.[1]

Relying on Section 38.001's interpretive case law, the Landlord asserts in a single issue that the trial court could not award attorney's fees to XTO as the prevailing party under the lease because the trial court awarded no damages. Because—unlike Section 38.001—the lease's language does not expressly require the recovery of damages by the prevailing party to support an attorney's-fee award, we will affirm.

## II. Attorney's Fees

For context, we begin with the lease and the parties' arguments, followed by the applicable standard of review, and then our construction of the lease.

### A. The Lease

The parties agree that Paragraph 21.3, "Attorneys' Fees," is the attorney's-fee provision that the trial court applied. Paragraph 21.3 provides,

> If a Proceeding is commenced with respect to any alleged default under this Lease, the prevailing Party in such Proceeding is entitled to receive,

---

[1]The trial court ordered XTO to submit its claim for attorney's fees by affidavit and then rendered final judgment "[a]fter reviewing the Lease," XTO's counsel's affidavit, the Landlord's response, and XTO's reply.

4

in addition to its damages incurred, such sum as the court determines as such Party's reasonable attorneys' fees, and all other actual, out-of-pocket costs and expenses incurred in connection therewith.

Paragraph 21.3 is sandwiched within the lease's overarching section on default: Paragraph 21.1 ("Tenant Events of Default"), 21.2 ("Landlord's Right to Cure Tenant's Default"), 21.4 ("No Waiver"), and 21.5 ("Landlord Defaults").

Section 4, the lease's definitions section, contains "Defined Terms" (Section 4.1) and "Certain Undefined Terms" (Section 4.2). Section 4.1 contains forty-eight defined terms, including "Proceeding," which it defines to include "[a]ny judicial action, suit, or proceeding (whether civil or criminal)." It also provides that "[u]nless the context otherwise clearly requires, the following words and phrases have the respective meanings set forth in this Section 4.1 and include the plural as well as the singular."

Section 4.1 contains a long definition of "Environmental Liabilities," which contains another of the lease's three separate attorney's-fee provisions[2] and references additional defined terms. We include the following portion of this definition because it illustrates how specific and thorough the parties were in identifying defined terms (set off by capitalization) in the lease.

---

[2]Section 15 of the lease, "Indemnity," which covers almost a full page and is set out in all capital letters, also provides for attorney's fees. Paragraph 15.1, "Tenant's Indemnity," addresses the recovery of—among other things—reasonable attorney's fees under applicable circumstances, and Paragraph 15.2, "Landlord's Indemnity," likewise addresses such a recovery under applicable circumstances.

(k) **Environmental Liabilities:** Any and all obligations to pay the amount of any judgment or settlement, the cost of complying with any settlement, judgment, or order for injunctive or equitable relief, the cost of compliance or corrective action in response to any notice, demand, or request from any department, agency, or other body or component of any Governmental Entity that exercises any form of jurisdiction or authority under any Environmental Law, the amount of any civil penalty or criminal fine, and *any court costs and attorney's fees*, fees for witnesses and experts, and costs of investigation and preparation for defense of any claim or any Proceeding, regardless whether such Proceeding is threatened, pending, or completed, that may be or have been asserted against or imposed upon Tenant, Landlord, any Predecessor, the Building, or any property used therein and arising out of: [six specific circumstances].

[Emphasis added.]

"Certain Undefined Terms" are explained in Paragraph 4.2, stating that

[a]ll accounting terms not otherwise defined in this Lease have the meanings assigned to them in accordance with generally accepted accounting principles in effect at the time in question. All references in this Lease to designated *Articles*, *Sections*, and other subdivisions are to the designated Articles, Sections, and other subdivisions of this Lease. The words *herein*, *hereof*, and *hereunder* and other words of similar import refer to this Lease as a whole and not to any particular Article, Section, or other subdivision. The word *including* does not exclude items not listed.

Paragraph 4.2 illustrates that the parties knew how to reference outside sources to provide context for interpretation.

Section 4 does not define "prevailing" or "in addition to," but beyond Sections 4.1 and 4.2's interpretation instructions, the lease also contains a separate paragraph on contract construction, stating,

25.8. <u>Construction</u>. The terms and conditions of this Lease are to be construed as a whole according to their common meaning to achieve the

objectives and purposes of this Lease. Each Party represents and acknowledges: (a) it and its respective counsel reviewed this Lease; and (b) this Lease was freely negotiated between the Parties. The rule of construction that any ambiguities are to be resolved against the drafting Party will not be employed in interpreting or construing this Lease as the Parties agree they have equal bargaining power for purposes of this Lease. . . .

The lease also provides, under Paragraph 25.9(a)—"Governing Law, Venue, Compliance with Laws"—that Texas law otherwise governs "the validity, construction, enforcement, and interpretation of this Lease."

## B. The Parties' Arguments

The Landlord emphasizes the "in addition to its damages incurred" portion of Paragraph 21.3, which it compares to Section 38.001's "in addition to the amount of a valid claim" and related case law to argue that the parties' lease requires damages as a condition for an attorney's-fee award and that, because the trial court awarded no damages to XTO, it should not have awarded attorney's fees to XTO.[3]

XTO responds that the Landlord has conceded that XTO was the prevailing party, and that under Texas law, a defendant who obtains a take-nothing judgment on non-meritorious claims alleged against it *is* a "prevailing" party. XTO argues that Paragraph 21.3's "in addition to its damages incurred" phrase clarifies the fee-award remedy's cumulative nature and does not condition it on a damages recovery and

---

[3]As pointed out by XTO, the Landlord challenges the *existence* of the attorney's fee award but not the award's reasonableness or necessity or the trial court's summary judgment in XTO's favor that resulted in the award.

refers us to the general dictionary definition of "in addition to" as meaning "as well as" to support its cumulative-remedy argument.

XTO further argues that the Landlord's construction would negate other lease terms that must be harmonized and given effect, such as the contract-construction instructions in Paragraph 25.8, and that Section 38.001 does not dictate the lease's construction because the statute contains different language chosen by the Legislature to address policy concerns inapplicable to fee-shifting contracts. *See generally Epps v. Fowler*, 351 S.W.3d 862, 866 n.5 (Tex. 2011) (noting that "it might be improper to look to cases focusing on whether courts should exercise their discretion under statutes to award fees to a prevailing party[] because those cases turn on legislative policy choices" but approving "looking to cases considering the plain meaning of the term [']prevailing party[']"). XTO urges that both parties knew how to impose a condition if they intended one but did not use conditional language to express their agreement that a party is entitled to recover attorney's fees "in addition to" damages.

## C. Standard of Review

The construction of an unambiguous contractual provision[4] is an issue of law that we review de novo using well-settled contract-construction principles. *Samson*

---

[4]A contract is not ambiguous merely because the parties disagree about its meaning. *Samson Expl., LLC v. Bordages*, 694 S.W.3d 195, 200 (Tex. 2024); *see Scout Energy Mgmt., LLC v. Taylor Props.*, 704 S.W.3d 544, 547 (Tex. 2024) (explaining that a contract is ambiguous if it is reasonably susceptible to more than one meaning and cannot be given a certain or definite legal meaning or interpretation).

8

*Expl., LLC*, 694 S.W.3d at 200. Under these well-settled principles, a contract's plain language controls, its words must be construed in context, and the entire writing must be examined and considered in order to harmonize and give effect to all the contractual provisions so that none will be rendered meaningless. *In re Whataburger Rests. LLC*, 645 S.W.3d 188, 194–95 (Tex. 2022) (orig. proceeding). Contract construction's primary goal is to effectuate the parties' intent as expressed in the contract. *Monroe Guar. Ins. v. BITCO Gen. Ins.*, 640 S.W.3d 195, 198–99 (Tex. 2022).

To determine a term's common, ordinary meaning, we typically look first to dictionary definitions and then consider the term's usage in other authorities, *Anadarko Petroleum Corp. v. Hous. Cas. Co.*, 573 S.W.3d 187, 192 (Tex. 2019), including how these terms have been defined in the case law, *see Intercont'l Grp. P'ship*, 295 S.W.3d at 659 (noting that because the contract left "prevailing party" undefined, the court must do its best "to effectuate the parties' intent"). We "regularly enforce unambiguous contract language agreed to by sophisticated parties in arms-length transactions." *James Constr. Grp., LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 403 (Tex. 2022). Texas's public policy strongly favors freedom of contract and, absent compelling reasons, we must respect and enforce the terms of a contract that the parties have freely and voluntarily entered. *Atmos Energy Corp. v. Paul*, 598 S.W.3d 431, 445 (Tex. App.—Fort Worth 2020, no pet.).

**D. "Prevailing" party and "in addition to"**

The lease does not define "prevailing" party, but this court and the supreme court have done so; accordingly, per the instruction in Paragraph 25.9(a), we turn to case law. *See Rohrmoos*, 578 S.W.3d at 484; *Severs*, 559 S.W.3d at 707. When interpreting a contractual attorney's-fee provision in which the "prevailing" party term is left undefined, we are to presume that the parties intended the term's ordinary meaning. *Severs*, 559 S.W.3d at 707 (citing *Intercont'l Grp. P'ship*, 295 S.W.3d at 653). A favorable judgment by the trial court is critical to the prevailing-party determination, and a party who receives no affirmative judicial relief from the trial court cannot recover attorney's fees. *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 824 (Tex. 2024) (citing *Intercont'l Grp. P'ship*, 295 S.W.3d at 655–56). However—as pointed out by XTO—a party may qualify as a "prevailing" party by successfully defending against a claim and securing a take-nothing judgment. *Sunchase IV Homeowners Ass'n*, 643 S.W.3d at 421 (citing *Rohrmoos*, 578 S.W.3d at 486); *Severs*, 559 S.W.3d at 707–08.

In *Severs*, for example, we construed the attorney's-fee provision in a neighborhood's declaration of covenants, conditions, and restrictions (CCRs) to conclude that "prevailing" party included the defendant homeowners' association (HOA), which had obtained a take-nothing summary judgment on the plaintiffs' breach-of-contract claim. 559 S.W.3d at 690–91, 707–08. The attorney's-fee provision, which did not mention damages, stated that with "respect to any litigation hereunder,

the prevailing party shall be entitled to recover reasonable attorney's fees from the nonprevailing party." *Id.* at 691. The HOA was the prevailing party because the CCRs did not limit the definition of prevailing party to a successful plaintiff; under the plain language of the CCRs, it did not matter that the HOA had not recovered any damages or other relief. *Id.* at 707–08.

The supreme court reached the same conclusion in *Rohrmoos*. 578 S.W.3d at 484. In *Rohrmoos*, in which UTSW, Rohrmoos's tenant, sought—and received—no damages under the jury charge, Rohrmoos argued that to define "prevailing" party, the supreme court should apply Section 38.001, which—as noted above—requires both prevailing on a cause of action for which fees are recoverable and the recovery of damages. *Id.* at 476, 484. The supreme court determined otherwise, stating that Chapter 38 did not control the case because parties were free to contract for a different fee-recovery standard—looser or stricter—than Chapter 38's. *Id.* at 484–85. Nothing in the lease required that a party receive any damages; rather, the "operative event" under the lease was that a party prevail "[i]n any action to enforce" the lease's terms. *Id.* at 485.

The court concluded that because the lease's terms were sufficiently different and less stringent than Chapter 38's standards, Section 38.001 did not apply. *Id.* And because UTSW successfully defended against Rohrmoos's breach-of-contract counterclaim and received a take-nothing judgment in its favor as a counter-defendant, UTSW was a "prevailing" party under the lease and was entitled to its

11

reasonable and necessary attorney's fees. *Id.* at 485–86; *see Baker Aviation, LLC v. Double H Int'l Holdings, Inc.*, No. 02-22-00342-CV, 2024 WL 3819313, at *15 (Tex. App.—Fort Worth Aug. 15, 2024, pet. filed) (mem. op.) ("When a contract provides for a standard that differs from Chapter 38, courts will apply the parties' chosen metrics in deciding whether to award attorney's fees.").

Under *Rohrmoos* and *Severs*, XTO was the "prevailing" party as a defendant who obtained a take-nothing judgment against a plaintiff. *See Rohrmoos*, 578 S.W.3d at 486; *Severs*, 559 S.W.3d at 707–08. We next turn to the lease's use of "in addition to," and whether Section 38.001's interpretation governs.

Section 38.001 states that a person "*may* recover" attorney's fees "in addition to the amount of a *valid* claim." Tex. Civ. Prac. & Rem. Code Ann. § 38.001(b) (emphases added). In *Nalle Plastics*, the supreme court recognized its long jurisprudence requiring damages for an attorney's-fee recovery under Section 38.001, stating, "The [damages] requirement is implied from the statute's language: for a fee recovery to be 'in *addition* to the amount of a valid claim,' the claimant must recover some amount on that claim." 406 S.W.3d at 173. The court nonetheless clarified that "[t]hese cases demonstrate *the difference* between compensation owed for an underlying harm and fees that *may* be awarded for counsel's services." *Id.* (emphases added). That is, under Section 38.001's specific language, a suit cannot be maintained solely for attorney's fees—"a client must gain something *before* attorney's fees can be awarded." *Id.* This requirement is based on the Legislature's determination by statute that

12

damages are required to allow recovery of attorney's fees in contravention of the well-settled "American Rule." *See Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 135 (Tex. 2019) (discussing *Nalle Plastics*). There is no such legislative determination at work in the contract at issue here. *See generally Rohrmoos*, 578 S.W.3d at 484–85.

XTO refers us to *One Call Systems, Inc. v. Houston Lighting & Power* to showcase a different interpretation of "in addition to" in a contract. 936 S.W.2d 673, 674 (Tex. App.—Houston [14th Dist.] 1996, writ denied). In *One Call Systems*, after a jury verdict, the trial court entered a take-nothing judgment against the plaintiff and awarded attorney's fees to the defendant. *Id.* at 674–75. The contract's attorney's-fee paragraph provided:

> If any action . . . is brought by either party to enforce or interpret any of the terms of this Contract, it is expressly agreed by the parties hereto that either party shall be entitled to recover from the other reasonable attorney's fees, costs and necessary disbursements *in addition to any other relief which it may be entitled.*

*Id.* at 675–76. On appeal, the plaintiff argued that the paragraph meant that a party could recover attorney's fees only when that party was awarded other affirmative relief, relying on Section 38.001. *Id.* at 676.

The court disagreed, interpreting the provision to mean, "not that a party is entitled to recover attorney's fees *only* in addition to any other relief which it *is actually awarded*, but, rather, that *either* party is entitled to recover attorney's fees in addition to any other relief to which it *may* be entitled, *i.e., if any.*" *Id.* The court pointed out that even though both Section 38.001 and the contract's attorney's-fee paragraph

13

contained the phrase "in addition to," the language that followed in Section 38.001—"the amount of a valid claim"—denotes a claim that has both been found valid and reduced to an amount, while the wording that followed "in addition to" in the contract did not necessarily denote a claim that had either been found valid or reduced to an amount, making the contractual provision sufficiently different that Section 38.001 did not govern its meaning. *Id.*

Here, Paragraph 21.3 provides that the prevailing party "is *entitled* to receive" attorney's fees if a lawsuit is commenced "with respect to any *alleged* default under this Lease." *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 ("A person *may* recover reasonable attorney's fees . . . in addition to the amount of a *valid* claim and costs . . . ." (emphases added)). Instead of requiring a valid claim like Section 38.001, the lease here requires a prevailing party on the *alleged* default before that party will be entitled to recover: "damages incurred," reasonable attorney's fees, and actual out-of-pocket costs and expenses "incurred in connection" with the proceeding. The lease defines "Default," breaking it into "Tenant Events of Default" and "Landlord Defaults," and the attorney's-fee paragraph at issue[5] is contained in the lease's "Default" section.

Under the contract's plain language, an "alleged" default might not result in a valid claim, implicitly recognizing that the prevailing party may be a defendant with a

---

[5]As noted above, the lease also addresses attorney's fees in two other specific sections—indemnity and environmental liabilities—not applicable here.

14

take-nothing judgment who is nonetheless entitled to reasonable attorney's fees, costs, and expenses incurred in connection with the proceeding. This interpretation is consistent with Paragraph 25.8, which requires the lease's terms to be construed "as a whole according to their common meaning to achieve the objectives and purposes of this Lease." *See Rohrmoos*, 578 S.W.3d at 486–86; *Severs*, 559 S.W.3d at 707–08. Based on the same reasoning relied upon by the court in *One Call Systems*, *see* 936 S.W.2d at 676, we are persuaded that the trial court did not misinterpret the lease provision when it awarded attorney's fees to XTO as the prevailing party.

Further, under Paragraphs 25.8 and 25.9(a), the focus of Paragraph 21.3—the default-oriented attorney's-fee paragraph—is on identifying the "prevailing" party as defined by case law, and not on Section 38.001's use of "in addition to." If the parties had intended to use Section 38.001's construction of "in addition to," they could have defined "in addition to" in Paragraph 4.1 ("Defined Terms") and included a reference to Section 38.001; they could have included a reference to Section 38.001 in Paragraph 4.2 ("Certain Undefined Terms"), which illustrates that the parties knew how to reference outside sources; they could have defined it in Paragraph 21.3; or they could have required the Section 38.001 interpretation in Paragraphs 25.8 or 25.9(a). They did none of these things even though the lease amply demonstrates that they knew how if they had wished to do so. *See James Constr. Grp., LLC*, 650 S.W.3d at 403; *Atmos Energy Corp.*, 598 S.W.3d at 445. We overrule the Landlord's sole issue.

15

## III. Conclusion

Having overruled the Landlord's sole issue, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: April 10, 2025