James Lynn CAIN, Appellant,

v.

The STATE of Texas, State.

No. 2–87–093–CR.

Court of Appeals of Texas, Fort Worth.

March 16, 1988.

Jerry Cobb, Crim. Dist. Atty., and Jim E. Crouch, Asst. Dist. Atty., Denton, for State.

Before FENDER, C.J., and JOE SPURLOCK, II and LATTIMORE, JJ.

OPINION

LATTIMORE, Justice.

Appellant, James Lynn Cain, appeals from a conviction by the court for burglary of a motor vehicle. *See* TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1974). Appellant pled guilty to the court subsequent to the court's denial of his motion to dismiss, reserving the right to appeal on speedy trial grounds. Punishment was assessed by the court at three years confinement in the Texas Department of Corrections.

Appellant brings four points of error on appeal alleging the trial court erred in failing to dismiss his case because he was denied a speedy trial under the Texas Code of Criminal Procedure, articles 32A.01 and 1.05, the sixth amendment to the United States Constitution and article I, section 10 of the Texas Constitution.

On August 30, 1986, the date of the alleged offense, appellant was stopped by the police and then released. Appellant was later arrested in Tarrant County on October 21, 1986 for an unrelated offense. On or about November 12, 1986, appellant was taken before a magistrate in Fort Worth and informed that Denton County had charged him on October 16, 1986 with the offense out of which this case arises. Appellant has been continuously in custody based on the charge in Denton County from November 12, 1986. On March 25, 1987, the court held a hearing on appellant's motion to dismiss based on speedy trial grounds. The court found from the evidence the failure to grant appellant a speedy trial was not a result of prosecutorial delay, but congested dockets. At no point did appellant waive his right to a speedy trial. On March 27, 1987, pursuant to a plea bargain agreement, appellant pled guilty to the offense charged, and was sentenced by the court to three years con-

JoAnne M. Shipley, Denton, for appellant.

finement in the Texas Department of Corrections. Appellant reserved the right to appeal on the issue of his right to a speedy trial.

By his first point of error, appellant contends the trial court erred in denying his motion to dismiss because, while appellant was detained in jail, his trial was not given preference over trials of other criminal actions, thus violating section 32A.01 of the Texas Code of Criminal Procedure. Appellant contends that five cases, in which the accused was out on bond and/or waived the right to a speedy trial, were tried prior to his case and that he should have received priority in being brought to trial.

Section 32A.01 states "[i]nsofar as is practicable, the trial of a criminal action shall be given preference over trials of civil cases, and the trial of a criminal action against a defendant who is detained in jail pending trial of the action shall be given preference over trials of other criminal actions." *See* TEX.CODE CRIM.PROC. ANN. art. 32A.01 (Vernon Pamph.Supp. 1988).

■ Article 32A.01 is directed to the trial courts of this State, as opposed to delay by prosecutors. *See Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Crim.App. [Panel Op.] 1979). The courts of appeals have opposing viewpoints as to whether the provisions of 32A.01 are mandatory or advisory. *Garber v. State*, 671 S.W.2d 94, 97 (Tex. App.—El Paso 1984, no pet.) (the order of trial priorities is mandatory, although flexible and subject to reasonable, good faith variation); *Whittington v. State*, 680 S.W. 2d 505, 508 (Tex.App.—Tyler 1984, pet. ref'd) (statute favoring trials of incarcerated defendants over non-incarcerated defendants was addressed in an advisory fashion to the courts). We are of the opinion that article 32A.01, as applied to the courts, is advisory; the language itself says "[i]nsofar as is practicable...." *See* TEX.CODE CRIM.PROC.ANN. art. 32A.01. Were it otherwise, the mechanics of operating the dockets would make it impossible for the courts to systematically hear all of the cases before them.

■ In addition to the language of article 32A.01 being advisory, an indictment will not be set aside for failure to comply with speedy trial provisions in absence of evidence that trial of the bonded defendant was accelerated to the detriment of the confined defendant, upon the motion of the prosecutorial authority. *See Garber*, 671 S.W.2d at 96.

■ Appellant specifically contends that there were five cases in which either nonincarcerated defendants or defendants who had waived their speedy trial rights had gone to trial prior to his case. Appellant was indicted on October 16, 1986, but not incarcerated for the present offense until November 12, 1986. He pled guilty on March 27, 1987.

Appellant complains of *State v. Chitty*, # 20–360–C; Chitty was charged with aggravated sexual assault of a child. He was indicted on October 16, 1986 and tried the week of February 2, 1987. Chitty was in custody but had waived his speedy trial rights. The trial judge stated that this type of case is given priority due to the impact on the child. This is a substantial state interest, justifying an early trial. *See Garber*, 671 S.W.2d at 97.

■ Appellant further complains of the following cases: *State v. Kelly*, # 19–950–B, indicted on April 24, 1986 and tried on February 2, 1987; *State v. Jackson*, # 20–105–A, tried on March 9, 1987; *State v. Pirtle*, # 20–003–C, tried on March 16, 1987; and *State v. Huddleston*, # 19–000–C, tried on February 9, 1987.

The letters A, B, and C denote which of the three district courts in Denton County that try criminal cases the case is assigned to; the numbers denote the age of the case, determined by the date of indictment. The district court clerk keeps records of this information. The cases are set in order and the speedy trial determinations are made within each court. Although only three of the four district courts hear criminal cases, the three courts are in a rotation system whereby, on any given week, one of those courts is a non-jury court, thus reducing the number of courts by which a jury trial may be obtained. The record specifi-

cally shows the dates of weeks in which there were holidays and a week long judicial conference. The court administrator for Denton County testified that preference is first given to the age of a case that has not waived speedy trial; the District Attorney makes the decision as to which cases will be tried.

The number assigned to the four remaining cases complained of by appellant shows that these cases were indicted prior to appellant's case. Evidence shows that Kelly was indicted on April 24, 1986, approximately six months prior to appellant, and tried on February 2, 1987, only one and one-half months prior to appellant.

Appellant failed to produce evidence showing that he was prejudiced by other cases going to trial prior to his case. Given the above facts and circumstances, we are unable to conclude that there is error in appellant's case not being given preference over the five cases he complains of. Point of error one is overruled.

■ By his second, third and fourth points of error, appellant alleges the trial court erred in refusing to grant his motion to dismiss based on speedy trial grounds, in violation of the United States and Texas Constitutions, and article 1.05 of the Texas Code of Criminal Procedure.

The right to a speedy trial is guaranteed by the sixth amendment to the United States Constitution made applicable to the States by the fourteenth amendment. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The right to a speedy trial is further guaranteed by article I, section 10 of the Texas Constitution and article 1.05 of the Texas Code of Criminal Procedure. *Ostoja v. State,* 631 S.W.2d 165 (Tex.Crim.App. [Panel Op.] 1982).

A balancing test has been established to determine whether an accused has been denied a speedy trial. Each case requires consideration of the following factors: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of the right; and 4) the prejudice to the defendant resulting from the delay. *See Barker,* 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. These four factors,

however, are not exclusive. *Easley v. State,* 564 S.W.2d 742 (Tex.Crim.App. [Panel Op.] 1978).

A lengthy delay is the triggering mechanism of a speedy trial claim. Without a delay, there is no necessity to inquire into the other factors. *See Barker,* 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. No precise length of delay automatically constitutes a violation of the right to a speedy trial in every single case. Each case is examined on an ad hoc basis. *See Phipps v. State,* 630 S.W.2d 942, 946 (Tex. Crim.App. [Panel Op.] 1982). In the instant case five months and 9 days elapsed from the date of appellant's original arrest until the date of trial.

In considering the reason for the delay, it is said by the United States Supreme Court that different weight should be assigned to different reasons. Deliberate attempts to hamper the defense weigh heavily in favor of a violation of the sixth amendment to a speedy trial, and circumstances such as missing witnesses will justify the delays, but in most instances the delay will be caused by more neutral reasons such as overcrowded court dockets which are weighed less heavily against the State. *Strunk v. United States,* 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *McCarty v. State,* 498 S.W.2d 212, 215 (Tex.Crim.App.1973).

Appellant was arrested for the present charge on November 12, 1986. The previous time in jail from October 16, 1986 until November was on an unrelated offense. Arraignment was set on November 4, 1986, which was reset to November 21, 1986 because appellant was in the Tarrant County jail. On November 21, 1986, a judgment nisi was ordered which resulted from appellant's failure to appear in court. The next arraignment was set for December 19, 1986, which was waived by appellant on December 19, 1986. The case was set for announcement on January 2, 1987 which was waived by appellant on January 2, 1987. The case appeared on the trial docket that day. The case was then set for March 30, 1987. Both the State and de-

fense counsel had announced they were ready. On March 27, 1987, at the arraignment, appellant waived his rights to a presentence report and his right to a trial by jury; he then stipulated evidence, and pled guilty to the offense charged.

The trial judge found that, if there were any improprieties in the manner in which cases went to trial, they were perpetuated by the docket control judge who has chosen to call the cases by particular courts. The court additionally found that failure to grant defendant a speedy trial was not a result of prosecutorial delay, but a result of congested dockets. Finally, there was no evidence to show that the District Attorney's office stated its preference for one case to be tried before another. None of the testimony of these attorneys could be interpreted to show any deliberate delay on the part of the prosecution. The record reflects that any delays in appellant's trial were a result of appellant's own actions or the actions of his attorneys rather than actions of the State.

The third element to be considered in determining whether or not appellant was denied a speedy trial is his assertion of the right. A review of the record reveals that appellant asserted his right approximately four and one-half months after his initial arrest, when he filed a motion to dismiss. In *Barker*, the supreme court wrote that a defendant's assertion of his speedy trial right was entitled to strong evidentiary weight when determining whether the defendant was deprived of this right, however, delays in raising the speedy trial objection can effectively waive the right. *See Barker*, 407 U.S. at 531-32, 92 S.Ct. at 2192-93, 33 L.Ed.2d at 117-18. The failure to assert the right "dims the claim of harm." *See Turner v. State*, 504 S.W.2d 843, 845 (Tex.Crim.App.1974). Further, we need to indicate that the appellant took no action to assert his right to a speedy trial, but moved that the indictment be dismissed for lack of a speedy trial. The Texas Court of Criminal Appeals has stated: "[a]lthough a motion to dismiss notifies the State and the court of the speedy trial claim, a defendant's motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes atten-

uate the strength of his claim." *Phillips v. State*, 650 S.W.2d 396, 401 (Tex.Crim.App. [Panel Op.] 1983); *see also McCarty*, 498 S.W.2d at 216.

The last factor to be considered is the prejudice resulting to the defendant as a result of the delay. There are three factors to be considered when determining prejudice to the defendant. These factors are: (1) prevention of oppressive pretrial incarceration; (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the delay will impair the ability of the accused to defend himself. *Phipps*, 630 S.W.2d at 946.

Although a showing of "actual prejudice" is not required in Texas, it is the defendant's burden to make a showing of prejudice. *See Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); *Smith v. State*, 530 S.W.2d 827 (Tex.Crim. App.1975); *Archie v. State*, 511 S.W.2d 942 (Tex.Crim.App.1974). A mere passage of time is not prejudicial and will not result in a denial of speedy trial. *See United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *see also Grayless v. State*, 567 S.W.2d 216, 217 (Tex.Crim.App. [Panel Op.] 1978) (two years and nine months); *Easley v. State*, 564 S.W.2d 742 (Tex.Crim.App. [Panel Op.] 1978) (five years); *Swisher v. State*, 544 S.W.2d 379, 381 (Tex.Crim.App.1976) (three years and eight months); *Smith v. State*, 530 S.W.2d 827, 828 (Tex.Crim.App.1975) (two years and four months); *Harris v. State*, 489 S.W.2d 303, 304 (Tex.Crim.App.1973) (fifteen months).

Appellant alleges prejudice resulted from the State obtaining a plea and testimony from a co-defendant against appellant during the time of delay. There is no evidence to support this allegation.

Considering all of the factors reviewed above, we find that there was no violation of appellant's right to a speedy trial.

The judgment of the trial court is affirmed.