

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00385-CV

RONALD HARDEN                                                    APPELLANT

V.

SHAN MERRIMAN                                                      APPELLEE

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ronald Harden appeals the trial court's order that granted summary judgment in favor of appellee Shan Merriman and imposed a sanction of $1,500 against appellant. In three issues, appellant contends that the trial court abused its discretion by denying his motion for continuance; that the trial court improperly ruled on appellee's traditional and no-evidence motion for summary judgment with a pending motion for continuance, with improper notice

---

[1]See Tex. R. App. P. 47.4.

of the summary judgment hearing to appellant, and without affording appellant an adequate opportunity to complete discovery; and that the trial court improperly imposed a sanction upon appellant without conducting an evidentiary hearing or identifying sanctionable conduct in its order. We modify the trial court's judgment and affirm it as modified.[2]

**Background Facts**

Appellant, who is an attorney, filed a lawsuit against appellee in December 2011, alleging personal injury damages from an automobile accident that had occurred on Christmas Eve in 2009. In his petition, appellant asserted claims of negligence, negligence per se, and gross negligence while contending that appellee had "unlawfully slammed into the rear of [appellant's] vehicle" on an ice-covered roadway. He also claimed that as a result of the collision, he had suffered severe personal injuries that had caused permanent bodily impairment. In January 2012, appellee answered the lawsuit with a general denial, and at some point in early 2012, appellee served written discovery on appellant.

On March 27, 2012, through a letter, appellee's counsel advised appellant that appellee "neither owned nor was driving the vehicle that was involved in the accident" related to appellant's lawsuit.[3] The letter informed appellant that

---

[2]*See* Tex. R. App. P. 43.2(b).

[3]This letter belies appellant's repeated claims on appeal that appellee's motion for summary judgment was the first time that appellee claimed that he had no liability for the accident.

appellee's daughter, Ashley Merriman, had owned the car that appellant had been in an accident with and that Ashley's boyfriend, Josh Bennett, had been driving the car at the time of the accident. Thus, in the letter, appellee's counsel asked appellant to dismiss the lawsuit against appellee and represented that if appellant did not dismiss it, appellee would pursue a summary judgment and the recovery of fees and expenses associated with seeking summary judgment.

Appellant did not respond to the letter, so in late April 2012, appellee filed, in one document, a traditional and no-evidence motion for summary judgment (on the ground that he could not have breached any legal duty because he did not own or drive the car at issue) as well as a motion for sanctions under chapters 9 and 10 of the civil practice and remedies code[4] and rule of civil procedure 13.[5] To his motion for summary judgment, appellee attached affidavits from himself and Ashley proving that he was not personally involved in the accident leading to appellant's suit and did not own the automobile that crashed into appellant's car. In his motion for sanctions, appellee alleged that appellant's claims were "baseless, groundless[,] and frivolous" and that appellant had "ignored counsel's request" to dismiss appellee from the suit. Appellee stated, "Since [appellant] filed suit against [appellee], who is obviously not a proper party and has nothing to do with the car accident made the basis of this

---

[4]*See* Tex. Civ. Prac. & Rem. Code Ann. §§ 9.001–.014, 10.001–.006 (West 2002).

[5]*See* Tex. R. Civ. P. 13.

3

suit, [appellee] requests [that] sanctions be imposed . . . ." Also, appellee argued that the sanction could be predicated on appellant's refusal to dismiss appellee from the suit. Appellee asked the trial court to order a sanction of $2,000 as an approximation of the "amount . . . incurred . . . to prosecute the motion for summary judgment."

On May 2, 2012, the trial court set a hearing for 2:30 p.m. on May 31, 2012 to consider appellee's motions for summary judgment and for sanctions. Near midnight on May 30, 2012, after the deadline for responding to the motion for summary judgment,[6] appellant filed a verified motion for a continuance of the summary judgment and sanctions hearing. Appellant stated that he could not be at the hearing that had allegedly been "set for 9:00 a.m." on May 31 because he was scheduled to represent a criminal defendant at a hearing on a motion to revoke probation in a different county at that time. He also stated that no other attorney could appear for him at the summary judgment and sanctions hearing. Furthermore, he contended that discovery was incomplete and that he desired to take appellee's, Ashley's, and Josh's depositions. Appellant stated, "Once the facts are fully developed, if the evidence bears out the sworn affidavit testimony of [appellee and Ashley], [appellant] will voluntarily dismiss the claims raised against [appellee]." Finally, in a written declaration that appellant attached to his motion for continuance, appellant stated that at the scene of the accident, he had

---

[6]See Tex. R. Civ. P. 166a(c).

4

been "presented with an insurance card bearing the name of Shan Merriman . . . . The male driving the [car] identified himself as Shan Merriman and the female passenger did not contradict this assertion."

Appellant did not file a response to appellee's motions for summary judgment and sanctions, nor did he appear at the hearing on May 31. On the day of the hearing, the trial court granted summary judgment in favor of appellee, dismissed appellant's claims with prejudice, and imposed sanctions against appellant for $1,500. The trial court denied appellant's motion for continuance in an order issued on June 4, 2012, stating that the motion had been untimely filed.

About a month later, appellant filed a motion for new trial, contending that summary judgment had been improperly granted because, among other reasons, his allegations in his suit against appellee were based upon false statements made by Ashley and Josh at the scene of the accident[7] and appellee's insurance carrier had already accepted liability for the accident, which allegedly misled him into suing appellee and also allegedly barred appellee from denying liability. Appellant also argued that the trial court had abused its discretion by not granting his motion for continuance because of the conflict with appellant's representation

_____

[7]Appellant stated in an affidavit that on the day of the accident, Ashley and Josh had produced an insurance card containing appellee's name. Appellant also stated that appellee's insurance carrier later paid a $661.43 property damage claim but that the carrier did not pay personal injury compensation as requested by appellant. On appeal, appellant contends that appellee, Ashley, and Josh participated in a fraudulent scheme by allowing appellee's insurer to pay a property damage claim when appellee was not a party to the accident.

5

of a client in a criminal case, because appellant had desired to conduct discovery, and because the discovery period had not expired when the trial court granted summary judgment. Finally, appellant asserted that the imposed sanction was unjust and a violation of his constitutional rights to due process because the trial court had not held an evidentiary hearing and had not set out findings supporting the sanctions. The trial court denied appellant's motion for new trial by operation of law,[8] and he brought this appeal.[9]

### The Denial of Appellant's Motion for Continuance

In his first two issues, appellant contends that the trial court abused its discretion by denying his motion for continuance and thus erred by conducting a hearing and ruling on appellee's motions for summary judgment and sanctions. Appellant contends that the trial court should have granted the motion for continuance because the court should have given his representation of a criminal

---

[8]*See* Tex. R. Civ. P. 329b(c).

[9]On September 17, 2012, appellant filed a request for findings of fact and conclusions of law in the trial court with regard to the court's May 31, 2012 summary judgment and sanctions order. The trial court did not file findings of fact and conclusions of law. On appeal, in the statement of the case portion of appellant's brief, he asks for "this Court's aid in requiring the Trial Court to file such findings of fact and conclusions of law." But appellant's request in the trial court was untimely. *See* Tex. R. Civ. P. 296 (stating that a request for findings of fact and conclusions of law "shall be filed within twenty days after the judgment is signed"); *Wal-Mart Stores, Inc. v. Kelley*, 103 S.W.3d 642, 645 (Tex. App.—Fort Worth 2003, no pet.) ("[B]ecause appellant failed to timely file its request, it has waived its complaint regarding the court's failure to issue findings of fact and conclusions of law."). Thus, to the extent that appellant asks us to abate this appeal for the trial court's filing of findings of fact and conclusions of law, we deny that request.

6

defendant precedence over the summary judgment and sanctions hearing, because he was allegedly given insufficient notice of the summary judgment hearing, and because he needed more time to conduct discovery in light of appellee's statement that he was not the driver of the car that crashed into appellant's car.

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We do not substitute our judgment for that of the trial court. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Instead, we must determine whether the trial court's action was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

**Allegedly conflicting criminal and civil settings**

In his first issue, appellant contends that the trial court abused its discretion by denying a continuance because attending the summary judgment and sanctions hearing would have violated obligations, including fiduciary duties, to his criminal client. Appellant insists that the trial court, as a matter of law, should have granted his continuance because a criminal hearing statutorily preempts a civil hearing. He also states that he "made the only choice permitted" by representing his incarcerated client "as was his duty."

7

We agree with appellee, however, that appellant did not prove the factual premise undergirding his first issue, which is that the summary judgment and sanctions hearing actually conflicted with his representation of a criminal defendant. In his motion for continuance, appellant asserted that he could not attend a 9:00 a.m. hearing because of a conflict, but the trial court's hearing on the motions for summary judgment and for sanctions was actually set for 2:30 p.m. Appellant's motion for continuance did not provide details about the criminal hearing to indicate that it would last long enough to prevent appellant's appearance at the summary judgment and sanctions hearing later that afternoon.

Furthermore, even if appellant had proven that the criminal and civil hearings actually conflicted, we cannot conclude that the trial court abused its discretion by denying the continuance based on that conflict under the circumstances of this case. Appellant's motion for continuance did not establish how long appellant had known about the alleged conflict or whether he had sought to reset the criminal hearing to avoid the alleged conflict, but the record shows that appellant waited until the literal eve of the summary judgment and sanctions hearing to inform the trial court about the alleged conflict and to seek a continuance. Continuances should not be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. Our sister courts have held that a trial court does not abuse its discretion by denying a motion for continuance when the movant first informs the trial court about the reason for a continuance shortly before the setting at issue or

8

when the movant did not make attempts to avoid a conflict in settings apart from filing the motion for continuance. *See Betts v. Betts*, No. 14-11-00267-CV, 2012 WL 2803750, at *3 (Tex. App.—Houston [14th Dist.] July 10, 2012, pet. denied) (mem. op.) (citing *In re K.A.R.*, 171 S.W.3d 705, 711 (Tex. App.—Houston [14th Dist.] 2005, no pet.)); *Christus Health v. Ragsdale*, No. 13-10-00326-CV, 2011 WL 3854145, at *6 (Tex. App.—Corpus Christi Aug. 31, 2011, no pet.) (mem. op.) (stating that whether a "a party delayed unreasonably in bringing its motion for continuance is a factor a reviewing court may consider in determining whether a trial court abused its discretion in denying a motion for continuance"); *R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 701 (Tex. App.—Waco 2008, pet. denied); *see also Beutel v. Dallas Cnty. Flood Control Dist., No. 1*, 916 S.W.2d 685, 693 (Tex. App.—Waco 1996, writ denied) ("We cannot find that the trial court committed a clear abuse of discretion in refusing to grant the motion [for continuance] when it found that the issue could have been brought before the court several months earlier, rather than one week before trial.").

Finally, we note that in support of his argument in his first issue, appellant cites an article from the code of criminal procedure to contend that criminal cases must be given priority over civil cases. *See* Tex. Code Crim. Proc. Ann. art. 32A.01 (West 2006). The article provides that "[i]nsofar as is practicable, the *trial* of a criminal action shall be given preference over *trials* of civil cases . . . ." *Id.* (emphasis added). Even if article 32A.01 applies to criminal and civil hearings rather than only trials under its explicit language, appellant did not prove that the

9

criminal and civil hearings relevant to this appeal actually conflicted as to trigger any application of article 32A.01. Also, although appellant contends in his brief that article 32A.01 is "not advisory," we have previously held the exact opposite. *Cain v. State*, 747 S.W.2d 514, 516 (Tex. App.—Fort Worth 1988, no writ) ("We are of the opinion that article 32A.01, as applied to the courts, is advisory; the language itself says '[i]nsofar as is practicable. . . .'").

For all of these reasons, we hold that the trial court did not abuse its discretion by denying appellant's motion for continuance on the basis of conflicting criminal and civil hearing settings, and we overrule his first issue. *See BMC Software Belg., N.V.*, 83 S.W.3d at 800.

**The notice of the summary judgment hearing and appellant's alleged need to conduct discovery**

In his second issue, appellant contends that he did not receive sufficient notice of the summary judgment and sanctions hearing and that the trial court abused its discretion by denying his motion for continuance without affording him an adequate opportunity to complete discovery.

Generally, with notice to opposing counsel, the motion for summary judgment must be filed and served at least twenty-one days before the time specified for the hearing. *See* Tex. R. Civ. P. 166a(c); *Rockwell v. Wells Fargo Bank, N.A.*, No. 02-12-00100-CV, 2012 WL 4936619, at *1 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.). In appellee's motions for summary judgment and sanctions, which contained a file stamp dated April 26, 2012,

10

appellee stated that he had served the motions on appellant on April 25, 2012. The trial court signed its notice of the May 31, 2012 hearing on May 2, 2012.

Nonetheless, appellant contends for the first time on appeal that he received appellee's motions "on or about May 11, 2012, less than twenty-one days prior to the hearing." To support that assertion, appellant refers to documents that are attached to his brief but that are not in the record. Appellee has filed a motion to strike those documents because they are not contained in the clerk's record, and we grant that motion in part.[10] *See Carlton v. Trinity Universal Ins. Co.*, 32 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Crossley v. Staley*, 988 S.W.2d 791, 794 (Tex. App.—Amarillo 1999, no pet.); *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ) ("It is elementary that, with limited exceptions not material here, an appellate court may not consider matters outside the appellate record."). Even if we could consider those documents, appellant did not raise the timeliness of his receipt of notice of the hearing on the summary judgment and sanctions motions in the trial court, and he therefore waived that argument for our review. *See* Tex. R. App. P. 33.1(a); *Rockwell*, 2012 WL 4936619, at *1–2; *McCuen v. Huey*, 255 S.W.3d 716, 738 (Tex. App.—Waco 2008, no pet.) ("[A] party must object to a lack of notice in the trial court to preserve that issue for appellate review.").

---

[10]We deny, however, appellee's motion for sanctions that he filed in this court.

11

Thus, we overrule the part of appellant's second issue that complains of allegedly insufficient notice of the summary judgment hearing.

Next, appellant contends that the trial court abused its discretion by denying his motion for continuance because he needed more time to "conduct discovery of [a]ppellee once [appellee] revealed that he was not the male driver at the accident scene." Appellant accuses appellee of concealing facts and then seeking "to end the case based upon [the] concealed facts."

A trial court may refuse to grant a motion for summary judgment when the party opposing the motion shows the need for discovery. Tex. R. Civ. P. 166a(g). A litigant who fails to diligently use the rules of civil procedure for discovery purposes, however, is not entitled to a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). In deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery, we consider factors such as the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe*, 145 S.W.3d at 161. An affidavit asserting diligence in obtaining discovery must state with particularity what diligence was used; conclusory allegations of diligence are insufficient. *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (op. on reh'g) (citing *Gregg v. Cecil*, 844 S.W.2d 851, 853 (Tex. App.—Beaumont 1992, no writ)).

12

In his motion for continuance, appellant stated in one paragraph that discovery was "incomplete" and that he desired to take the depositions of appellee, Ashley, and Josh concerning their claims that Josh was driving the vehicle at the time of the accident and that Ashley owned it. But appellant did not assert that he had been diligent in seeking discovery or specify any facts showing such diligence. As appellee argues on appeal, appellee provided notice to appellant on March 27, 2012 about appellee's assertion that he neither owned nor was driving the car that was involved in the accident. The March 27 letter informed appellant that appellee would seek summary judgment if he did not receive a response to the letter. The record does not reveal an attempt by appellant to conduct any form of discovery from March 27, 2012 through May 30, 2012, which was when appellant filed his motion for continuance and which was more than one month after appellee filed his motion for summary judgment.[11] Thus, although appellant's lawsuit had been on file for only approximately five months at the time of the summary judgment hearing and although testimony provided by appellee, Ashley, and Josh might have been material, we cannot conclude that the trial court abused its discretion by denying appellant's motion for continuance because the record establishes appellant's lack of diligence in seeking discovery between the time he knew of facts establishing his apparent need for it and the eve of the summary judgment

---

[11]Also, the record does not establish any attempt by appellant to conduct discovery before March 27, 2012.

hearing.  *See Wood Oil Distrib., Inc.*, 751 S.W.2d at 865; *see also Aerobic Maint. & Serv., Inc. v. First United Bank & Trust Co.*, No. 02-08-00232-CV, 2009 WL 1425179, at *4 (Tex. App.—Fort Worth May 21, 2009, no pet.) (mem. op.) (holding that although a suit had been pending for only two months at the time that the appellee sought summary judgment, a trial court did not abuse its discretion by denying a motion for continuance because the appellant had not diligently sought discovery and had asked for a continuance only three days before the submission of the motion for summary judgment); *Clark v. Compass Bank*, No. 02-07-00050-CV, 2008 WL 2168292, at *3 (Tex. App.—Fort Worth May 22, 2008, no pet.) (mem. op.) (upholding a trial court's denial of a motion for continuance because, in part, the appellant did not seek discovery within thirty-five days of the date the appellee filed a motion for summary judgment that contained new material allegations); *Landers*, 257 S.W.3d at 747 (concluding that a trial court did not abuse its discretion by denying a motion for continuance when the appellant waited to seek the continuance until after the deadline for responding to the motion for summary judgment and when neither the motion for continuance nor an affidavit attached to it contained facts establishing diligence in seeking discovery).  We overrule the remaining part of appellant's second issue.

### The Propriety of Sanctions

In his third issue, appellant asserts that the trial court's $1,500 sanction against him is improper.  We review a trial court's imposition of sanctions for an

14

abuse of discretion.  *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006).  A judgment imposing sanctions will be upheld "on any applicable theory that finds support in the record."  *Dunavin v. Meador*, No. 02-07-00230-CV, 2008 WL 2780782, at *4 (Tex. App.—Fort Worth July 17, 2008, no pet.) (mem. op.).

Appellant argues, among other contentions, that the trial court did not state sanctionable conduct within its order and that the sanction against him was "improvidently granted and without foundation in fact or law."  In the trial court, in the same document in which he sought summary judgment, appellee sought sanctions on the basis that appellant's claims were "baseless, groundless[,] and frivolous."  Specifically, appellee argued that he had advised appellant that appellee was not a proper party, that appellant had "ignored" appellee's request to dismiss the suit, that appellee had therefore been forced to file his motion for summary judgment, and that the filing of the motion for summary judgment warranted a sanction against appellant in the amount of $2,000.  Appellee relied on rule of civil procedure 13 and chapters 9 and 10 of the civil practice and remedies code to support his claim for sanctions.  When the trial court granted the sanction against appellant, it incorporated appellee's motion for sanctions by reference, stating,

> IT IS FURTHER ORDERED that Defendant's motion for sanctions against Plaintiff *is hereby granted for the reasons set forth therein.*  IT IS HEREBY ORDERED that Plaintiff is to pay a monetary fine in the amount of [$1,500], which reflect[s] reasonable sanctions *for Plaintiff's groundless and baseless pleadings* filed in this lawsuit

15

pursuant to Chapters 9 and 10 of the Texas Civil Practice and Remedies Code and/or Rule 13 of the Texas Rules of Civil Procedure. [Emphasis added.]

Rule of civil procedure 13 states that a trial court may award sanctions against a party when the party files a pleading or motion that is groundless and brought in bad faith or is groundless and brought for the purpose of harassment. Tex. R. Civ. P. 13. Under rule 13, when a trial court imposes sanctions, it must state the "particulars" of good cause for the sanctions in its order. *Id.* Similarly, chapter 9 of the civil practice and remedies code precludes parties from filing pleadings that are groundless and brought in bad faith or groundless and brought for the purpose of harassment, and the chapter allows the trial court to award sanctions against a party filing such a pleading. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 9.011–.012(a), (c). Chapter 10 of the civil practice and remedies code allows the filing of a motion for sanctions when a party signs and presents a pleading for an improper purpose (such as harassment) or, after a reasonable inquiry, asserts legal or factual contentions in a pleading that have no support to the signatory's best knowledge, information, and belief. *Id.* §§ 10.001–.002(a), .004(a). Chapter 10 requires a court imposing sanctions to describe the conduct that violated the chapter and to "explain the basis for the sanction imposed." *Id.* § 10.005.

With regard to sanctions, courts generally presume that pleadings are filed in good faith. *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex. 1993) (orig. proceeding); *see also* Tex. R. Civ. P. 13. The party seeking

16

sanctions bears the burden of overcoming this presumption of good faith. *Tanner*, 856 S.W.2d at 730–31; *see In re R.V.*, 977 S.W.2d 777, 782 (Tex. App.—Fort Worth 1998, no pet.) ("[A] party seeking sanctions has the burden of establishing a right to relief.").

Each basis for sanctions that appellee urged in the trial court focuses the culpability of a party's conduct upon the same time frame: the date that the party signed and filed the pleading at issue. *See Dunavin*, 2008 WL 2780782, at *6 (stating that under chapter 10, courts must "examine the circumstances existing at the time the pleading was filed, not at the time of the sanctions hearing"); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 9.011–.012 (connecting sanctions under chapter nine to the signing of a pleading); *R.M. Dudley Constr. Co.*, 258 S.W.3d at 711 (stating the circumstances pivotal to the determination of whether sanctions should issue are those in existence at the time that the pleading was signed and filed and that sanctions for frivolous or groundless pleadings "do not apply to the pursuit of an action later determined to be groundless after pleadings were filed"); *Shaw v. Cnty. of Dallas*, 251 S.W.3d 165, 170–71 (Tex. App.— Dallas 2008, pet. denied) ("When determining whether rule 13 sanctions are proper, the trial court must examine the circumstances existing at the time the pleading was filed.").

At the time appellee filed its motion for sanctions, appellant had filed only one pleading, its original petition, in December 2011. In the trial court, although appellee cited rule 13 and chapters 9 and 10, he predicated his motion for

17

sanctions not on appellant's petition but on appellant's refusal to dismiss appellee from the suit after receiving appellee's March 2012 letter. Specifically, in the motion, appellee stated,

> Defendant's counsel . . . previously advised Plaintiff that the claims against Defendant Mr. Merriman were baseless and groundless as he is not a proper party. . . . Plaintiff has ignored counsel's request and forced Defendant to file this motion in order to get Mr. Merriman dismissed from this suit, who is obviously not a proper party as he had absolutely nothing to do with the motor vehicle accident in question. . . .
>
>     . . . .
>
>     Defendant, by and through his attorneys, had to prepare, file and argue this motion to the Court. This obviously cost needless time and money. Since Defendant Shan Merriman is obviously not involved in the accident in question, *and since Plaintiff refused to dismiss Mr. Merriman from the* suit, Plaintiff should be sanctioned.

Similarly, on appeal, appellee argues that the sanctions may be supported by the facts that

> (a) Appellee had absolutely no involvement in the Accident, *(b) Appellee notified Appellant of his mistake and gave Appellant an opportunity to correct it, (c) due to Appellant's refusal to dismiss this suit, Appellee was forced to file the Motion for Summary Judgment, and (d) the sanction sought was equal to the attorney's fees incurred in connection with the Motion for Summary Judgment.* . . . In that the Motion offered evidence not simply that Appellant's pleadings were incorrect, *but also that Appellant took no action to correct his mistake after he learned of it*, the Motion contained all the allegations . . . required in order to impose sanctions.

Neither appellee's motion for sanctions nor his brief on appeal contain references to facts establishing that appellant knew or believed that he was suing the wrong person at the time he filed his petition rather than at a later time, and

we have found no such facts in our review of the record. Also, appellee did not present any evidence suggesting that appellant harbored bad faith, intended to harass appellee, or had an otherwise improper purpose in December 2011, when he filed his petition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 9.011; Tex. R. Civ. P. 13. And as illustrated above, appellee premised his request for sanctions in the trial court on a failure to adequately respond to the letter, not on a failure to reasonably inquire about the facts contained in the petition before filing it.[12] *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001(3).

We also note that both the motion for sanctions and the affidavit of the attorney who prepared the motion explicitly state that appellee desired sanctions in the form of attorney's fees resulting from the prosecution of the motion for summary judgment and sanctions. This suggests that appellee sought to sanction appellant for his *omission* following the March 2012 letter, not his *action* of signing and filing his petition.

In summary, we hold that the trial court abused its discretion by awarding appellee a sanction of $1,500 because the record does not establish that the trial court identified any sanctionable conduct in its order, including the order's reference to appellee's motion for sanctions. *See Jones*, 192 S.W.3d at 583; s*ee*

---

[12]The record indicates the opposite. After the trial court signed its order sanctioning appellant, he presented evidence that at the scene of the accident, he had received an insurance card bearing appellee's name. Appellant also proved that in January 2010, appellee's insurance carrier paid a property damage claim for its insured, "SHAN MERRIMAN."

*also Dunavin*, 2008 WL 2780782, at *6–7; *Karagounis v. Prop. Co. of Am.*, 970 S.W.2d 761, 764 (Tex. App.—Amarillo 1998, pet. denied) (op. on reh'g) (stating, with regard to rule 13, that the rule says "nothing about levying sanctions if one pursues an action or pleading thought legitimate when filed but subsequently found baseless"). We agree with appellant that under the circumstances presented here, the sanctions are "without foundation in fact or law." We therefore sustain appellant's third issue, which means that we will modify the portion of the trial court's May 31, 2012 order awarding sanctions to appellee to delete the award. *See Dunavin*, 2008 WL 2780782, at *7; *Barkhausen v. Craycom, Inc.*, 178 S.W.3d 413, 423 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

## Conclusion

Having sustained appellant's third issue, we modify the trial court's judgment to delete the monetary sanctions award of $1,500. Having overruled appellant's other two issues, we affirm the trial court's judgment as modified.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DELIVERED:  October 31, 2013

20